Mary Ellen BENSON, Appellant,

v.

Riley T. BLAIR and Flint Steel
Corporation, Appellees.

No. 45368.

Supreme Court of Oklahoma.

Sept. 18, 1973.

Curtis L. Culver, Tulsa, for appellant.

Thomas R. Brett, Jones Givens, Brett, Gotcher & Doyle, Tulsa, for appellees.

LAVENDER, Justice:

Appellant, plaintiff at the trial, seeks certiorari to the Court of Appeals which had affirmed the judgment of the trial court. Appellant claims error in that the trial court denied interest on the verdict at the rate of 6% per annum from the date the action was filed to the date verdict was obtained.

This was a personal injury action wherein the verdict was rendered September 10, 1971. The Journal Entry of Judgment was settled on January 7, 1972. It provided that plaintiff had judgment against defendants in the sum of $3,000.00 with interest at the rate of 10% from September 10, 1971, plus court costs. A separate order of January 7, 1972, reflected that plaintiff had orally requested the above referenced 10% interest, and also had orally requested 6% interest on the judgment from July 2, 1970, the date plaintiff's petition was filed, until September 10, 1971, the date verdict was obtained, pursuant to 12 O.S.1971, § 727, subd. 2. which provides in pertinent part:

"All judgments of courts of record shall bear interest, at the rate of ten percent (10%) per annum, from the date of rendition, provided that:

\* \* \*

2. When a verdict for damages by reason of personal injuries is accepted by the trial court, the court in rendering judgment shall add interest on said verdict at the rate of six per cent (6%) per annum from the date the suit was commenced to date of verdict;"

and the settlement of the Journal Entry of Judgment was an acceptance of the verdict of September 10, 1971.

12 O.S.1971, § 727, as quoted, became effective on the same day the verdict was returned—September 10, 1971, and its 6% interest provision must be considered, provided the matter was properly before the appellate court. Also, the 6% interest provision applies if it may be considered retrospectively from the return of the verdict to the date of filing of the action. We grant certiorari limited to these two issues: 1. Whether the 6% interest question was properly before the appellate court and, 2. Whether the statutory 6% interest provision was applicable. For reasons hereinafter stated we answer both matters affirmatively.

 As to whether the 6% interest matter was properly before the appellate court, the Court of Appeals, in holding that it was not, was persuaded by the fact that plaintiff had filed a motion for new trial, which was denied, but had not alleged the matter as error in that motion, and had not mentioned it in her petition in error, which we note was filed December 3, 1971. They referred to 12 O.S.1971, § 991(b), which provides that if a motion for a new trial is filed, and a new trial is denied, the movant may not on appeal raise allegations of error that were available to him at the time of the filing of his motion for a new trial but were not therein asserted. However, as indicated, the interest matter was not acted upon by the trial court until January 7, 1972. The allegation of error was therefore not available to plaintiff when the motion for new trial was filed (September 20, 1971; overruled on November 8, 1971) nor when the petition in error was filed in the Supreme Court on December 3, 1971. The allegation of error was then raised by appellant at the next procedural step which was the filing of her brief in this court on June 26, 1972. Unfortunately for appellant, who did not attempt to amend her petition, this came too late un-

less the matter is to be considered on another theory. That it came too late is seen from the fact that to consider it, we would have to first equate the allegation found in the brief to an allegation in a petition in error. This is because Rule 1.14, 12 O.S. 1971, Ch. 15, App. 2, provides that an appeal will be commenced by a petition in error. But if this were done, appellant would still be faced with Rule 1.15, of the aforesaid appendix, and 12 O.S.1971, § 990, which require that the petition in error shall be filed within thirty days from the date of the final judgment or final order sought to be reviewed. The final order concerned was that of the trial court on January 7, 1972, and more than thirty days thereafter elapsed before the allegation was raised by brief in this court.

██ Nevertheless, we are obliged to consider the effect of 12 O.S.1971, § 727, subd. 2. in this case. In so saying we recognize the principle stated in the supplemental opinion of Sunray DX Oil Co. v. Great Lakes Carbon Corp. (Okl.1970), 476 P.2d 329, and quoted by appellee as follows:

> "A settled principal (sic) of statutory construction requires statutes be given prospective operation only, unless contrary legislative intent is expressed clearly, or necessarily implied from the language used. Consistent application of this rule, in respect to fact situations involving fixed rights accrued under statutes prior to amendment, may be observed in Board Trustees, etc. v. Kern, Okl., 366 P.2d 415, and Stagg v. Board Trustees, etc., 147 Okl. 172, 296 P. 417."
> "Nothing in the language used either plainly states an intention the new statute shall operate retrospectively, or by necessary implication requires such construction. Petition for rehearing, and Motion To Modify Judgment in respect to interest upon the judgment denied."

However, we were there dealing with 15 O.S.1961, § 274, as amended, subsequently brought forward into 12 O.S.1971, § 727, which dealt with the matter of 10% interest rate from date of rendition of judgment which judgment was rendered prior to the effective date of the act. The case did not concern the subject matter of 12 O.S.1971, § 727, subd. 2. Our quoted language must, of course, be considered with the matter in the earlier statute and the question in the Sunray case, which was not related to the matter of the court adding 6% interest per annum on a verdict from the date suit was commenced to date of verdict.

██ A question, then, is whether there is in 12 O.S.1971, § 727, subd. 2. a legislative intent, clearly expressed, or necessarily implied from the language used that *requires* 1. consideration, and 2. retrospective application, of the 6% interest matter. We think that there is. That the legislature may, in its discretion, establish interest that will accrue on a judgment, is, of course, recognized. Sunray DX Oil Co. v. Great Lakes Carbon Corp., supra. That the "interest" here has the effect of damages does not affect the matter. Like costs, interest is recoverable by statute (Baldwin v. Collins, (Okl.1970), 479 P.2d 567), and the legislature has so prescribed it. It is attached by legislative fiat (Foster v. Quigley, (1962), 94 R.I. 217, 179 A.2d 494—a retrospective interest case, as here), and is proper. Not being of the substance of the right of action (Foster v. Quigley, supra), but being a directive to the trial court, then it becomes a mode of procedure which the court was bound to follow.

Since judgments bear interest as prescribed by 12 O.S.1971, § 727, subd. 2. although the judgments make no provision therefor, and it being a ministerial duty to award interest in proper cases, an erroneous award of interest on a judgment may be corrected by this court on appeal even though the error was not raised in the motion for new trial or petition in error.[1]

---

1. Ballog v. Knight Newspapers, Inc. (1969), 381 Mich. 527, 164 N.W.2d 19, so found in a retrospective interest case wherein the statute provided, "Execution may be levied for interest on any money judgment . . . ., such interest to be calculated from the date

Accordingly, the decision of the Court of Appeals, insofar as it holds that, because plaintiff did not allege in its motion for new trial and in its petition in error that the trial court erred in refusing to allow six percent interest on the judgment from the date petition was filed *to date of verdict,* the interest question was not before the appellate court, is reversed. The case is remanded to the trial court which is instructed to add interest on the verdict at the rate of six percent (6%) per annum from the date the suit was commenced to date of verdict. The judgment of the trial court is otherwise affirmed.

All of the Justices concur.

of filing the complaint at the rate of . . . " It was noted that this was a ministerial act which was procedural and prospective as it looked forward to the time a writ of execution might be issued. In the instant case, we need not go so far as to find the matter prospective from the beginning of the interest period, for the legislative intent is expressed as a clear ministerial directive, and that is enough to require assessment of the 6% interest. See also M. E. Trapp Associated v. Tankersley (1951), 206 Okl. 118, 240 P.2d 1091, 1094.