No. 92-479

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

JACK MURER, JAY HARBRIGE, LARRY MACK, SUSAN
VERNON, WILLIAM LOGAN, STEVE PRICKETT, JAMES
BROWN, KEITH MORDJA, and BRUCE NELSON, in
their individual capacities and also in their
capacities as representatives of a class of
workers' compensation and occupational disease
claimants and beneficiaries described herein,

Petitioners and Appellants,

-v-

MONTANA STATE COMPENSATION MUTUAL INSURANCE FUND,
AND ALL PLAN I AND II INSURERS OF THE CLASS OF
CLAIMANTS AND BENEFICIARIES,

Defendants and Respondents.

APPEAL FROM:    Workers' Compensation Court
                For the State of Montana
                The Honorable Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:
            Allan M. McGarvey, McGarvey, Heberling, Sullivan &
            McGarvey, Kalispell, Montana
        For Respondent:
            State Compensation Mutual Insurance Fund, Helena,
            Montana; Montana Department of Labor & Industry,
            Helena, Montana; Bradley J. Luck & Michael C.
            Prezeau, Garlington, Lohn & Robinson, Missoula,
            Montana; William J. Mattix & Joe C. Maynard, Crowley
            Law Firm, Billings, Montana; Kristine L. Foot,
            Missoula, Montana; Sue Harold, Schaumberg, Illinois;
            Geoffrey R. Keller, Billings, Montana; Thomas A.
            Marra, Great Falls, Montana; Oliver H. Goe, Helena,
            Montana; Norman H. Grosfield, Helena, Montana; Alan
            J. Joscelyn, Gough, Shanahan, Johnson and Waterman,
            Helena, Montana; Paul Haffeman, Cure Borer & Davis,
            Great Falls, Montana; and Kyle A. Gray, Paul D.
            Miller and James Ragain, Holland & Hart, Billings,
            Montana.

FILED

MAR 3 0 1993

Filed: Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:   January 28, 1993

Decided:   March 30, 1993

Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

This is an appeal from an order of the Workers' Compensation Court. We affirm.

The issue is whether the Workers' Compensation Court erred in denying class certification to the claimants.

Claimants are nine workers injured between July 1, 1987 and June 30, 1991. These claimants, and the alleged class they represent, are entitled to various benefits: maximum total disability, partial disability, rehabilitation and/or death benefits. For maximum benefits for total disability the respondents (insurers) have paid $299, claiming there is a permanent "cap" on such benefits under statutory provisions substantially identical to the following:

> Notwithstanding subsection (3), beginning July 1, 1987, through June 30, 1989, weekly compensation benefits for temporary total disability may not exceed the state's average weekly wage of $299 [or the limit as provided], established July 1, 1986.

See § 39-71-701(5), MCA (1987), cf. § 39-71-702(6), MCA; § 39-71-703(3), MCA; § 39-71-721(8), MCA; and § 39-71-1024(3), MCA (1987). The same statutory provisions were continued by the 1989 Legislature and expired on June 30, 1991. The essence of the claimants' claim is that the weekly benefit limitations of the subsections were temporary in nature and therefore after the cap expired on June 30, 1991, the insurers are obligated to bring past weekly benefit payments up to two-thirds of the time-of-injury wage, limited only by the State's average weekly wage for the year

2

in which the claim arose. The insurers have refused to make such payments.

The claimants then filed a class action suit in the Workers' Compensation Court, asking for a declaratory ruling as to the meaning of the subsections. They seek judgment ordering the restitution of the benefits improperly withheld. The claimants' counsel has represented that the proposed class of claimants would consist of as many as two thousand claimants and there appear to be more than two hundred insurers.

Although the Workers' Compensation Court rules do not provide for class action certification, the Workers' Compensation Court applied Rule 23, M.R.Civ.P., to this question. We have previously approved the Workers' Compensation Court seeking guidance from the Montana Rules of Civil Procedure. See Moen v. Peter Kiewit & Sons, Co. (1982), 201 Mont. 425, 434, 655 P.2d 482, 486.

Our scope of review is whether the trial court's decision is an abuse of discretion. City Johnson v. City of Opelousas (5th Cir. 1981), 658 F.2d 1065, 1069; Boggs v. Alto Trailer Sales, Inc. (5th Cir. 1975), 511 F.2d 114, 117. A class action is a "procedural device for promoting the economic and efficient dispostion of justiciable controversies." Harriss v. Pan American World Airways, Inc. (N.D.Cal. 1977), 74 F.R.D. 24, 42. Therefore, trial courts are vested with discretion because they are in the best position to determine the most efficient manner of resolving controversies, taking into account the particular circumstances of the case and the court's own resources. This is especially true of

3

the Workers' Compensation Court because it is the only court in the State of Montana having trial court jurisdiction over the subject matter. The Workers' Compensation Court is best acquainted with its case load, time schedules, and resources. The trial court is in the best position to consider the most fair and efficient procedure for conducting any given litigation. See Doninger v. Pacific Northwest Bell, Inc. (9th Cir. 1977), 564 F.2d 1304, 1309.

As one of the reasons for denying the class action, the Workers' Compensation Court stated that this action did not comply with Rule 23(a), M.R.Civ.P., which sets forth the prerequisites to a class action, all of which the claimants must meet. Inasmuch as the failure of one of the prerequisites is fatal to the certification of a class action, we will not discuss the other reasons the Workers' Compensation Court gave in denying the class action. Rule 23(a), M.R.Civ.P., states:

> **Rule 23(a). Prerequisites to a class action.** One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

The Advisory Committee's notes reflect prudence and caution in the authorization of class actions and our approach to Rule 23(a) is in this view and spirit, especially as an appellate court. The Workers' Compensation Court held that, here, subsection (3) of the prerequisites has not been met. Such prerequisite essentially provides that one or more members of a class may sue or be sued as

4

representative parties on behalf of all, only if the claims or defenses of the representative parties are typical of the claims or defenses of the class.

The requirement of Rule 23(a)(3), is typicality. The Workers' Compensation Court found that the appellants failed to satisfy this requirement. The court in its order stated:

> The petitioners are nine identified individuals. Though the petition does not specify which insurers these nine have claims pending against, the Court does not believe that a purported "class action" was ever intended as a vehicle to ferret out not only class members but defendants as well. Even if we were to assume that these nine individuals can represent a "class" they can only represent a class of which they are a member, i.e. claimants who have claims against the same insurer as the representative. The Court has found no authority and petitioners cite none which would permit an unknown number of class members, yet to be identified to blindly sue an unknown number of defendants. In essence, the way in which the pleadings are drafted creates not only a class of petitioners but also a "class of defendants."

There would be many different situations among the estimated two thousand claimants who would be included within this class action so that the typicality of the Rule requirement could not be met. Claimants would include unrepresented claimants and those who are already represented by other attorneys, who are suffering either from an industrial injury or occupational disease; claimants whose cases are either open or have been settled; claimants who may be entitled to either a temporary total or permanent total wage supplement impairment, rehabilitation, or death benefit; and different rates for various claimants, depending on whether they were injured or were disabled by an occupational disease. There would be other variables relative to the award of attorney fees and

5

the imposition of penalties with two thousand claimants and two hundred insurers. There are times when competent counsel are not able to fairly and adequately protect the interest of the class.

Generally in the application of the typicality requirement of Rule 23(a)(3), the plaintiffs are not entitled to bring a class action against defendants with whom they have had no dealings. There are numerous defendants in this action with which the plaintiffs have had no dealing. The leading case construing this requirement is La Mar v. H & B Novelty and Loan Co. (9th Cir. 1973), 489 F.2d 461. The court stated: "in our view, under proper application of Rule 23 of the Federal Rules of Civil Procedure, the plaintiffs here are not entitled to bring a class action against defendants with whom they had no dealing."
La Mar, 489 F.2d at 464.

> The third prerequisite was that the claims of the representative parties be typical of the class. Obviously this requirement is not met when the "representative" plaintiff never had a claim of any type against any defendant. There is nothing in the rule to suggest that the zeal or talent of the "representative" plaintiff's attorney can supply this omission. We believe that this prerequisite is also lacking when the plaintiff's cause of action, although similar to that of other members of the class, is against a defendant with respect to whom the class members have no cause of action. Those who purchased tickets from the appellee airlines, from whom the representative plaintiff purchased no tickets, have no cause of action by reason of such purchases against the airline from whom the representative plaintiff purchased. In brief, typicality is lacking when the representative plaintiff's cause of action is against a defendant unrelated to the defendants against whom the cause of action of the members of the class lies.

La Mar, 489 F.2d at 465. In La Mar, the Ninth Circuit Court of Appeals set forth two specific exceptions regarding the typicality

6

requirement of Rule 23(a), Fed.R.Civ.P.  One would be if the injuries suffered were the result of a conspiracy or concerted scheme between the defendants.  That is not the case here.

The second exception might occur relative to instances in which all defendants are juridically related in a manner that suggests a single resolution of the dispute will be expeditious. What constitutes a juridical relationship or link is difficult to define and articulate.  The connective link must go beyond mere commonality or parallel actions between defendants.  See Newberg on Class Actions, 2nd Edition, 1984.  The appellants allege that the cases which have found a juridical link to exist between defendants are fact based.  One such fact-based juridical link is where the various defendants are related instrumentalities of a single state, such as various law enforcement agencies or welfare agencies.  This is not the case here; even though the State Compensation Mutual Insurance Fund is an instrumentality of the State, the other defendants are not.

The only Montana related case cited was Union Pacific Railroad v. Woodahl (D.Mont. 1970), 308 F.Supp. 1002.  This also concerned the application of a state statute by state officials.  That case is different than the present situation because there all of the defendants were instrumentalities of the State of Montana:  the attorney general and all county attorneys.  Such parties involved instrumentalities of a state who are charged with the enforcing of or acting in accordance with the challenged state statute.  Again the great majority of the defendants here are not instrumentalities

7

of the State, nor is there any type of association or contractual relationship between the defendants. There is also no linkage between the defendants, such as industry-wide collective bargaining agreements, or any other type of industry-wide agreement, any type of holding entity or claims management association, or the like.

We therefore conclude there is no showing of sufficient juridical links among the defendants from which we can determine that the Workers' Compensation Court abused its discretion in denying certification for failure to comply with the prerequisite of Rule 23(a)(3), M.R.Civ.P.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

8

March 30, 1993

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Allan M. Mcgarvey and Roger M. Sullivan
McGarvey, Heberling, Sullivan & McGarvey
745 So. Main
Kalispell, MT 59901

State Compensation Mutual Insurance Fund
Legal Division
5 So. Last Chance Gulch
Helena, MT 59624

Montana Department of Labor & Industry
P.O. Box 1728
Helena, MT 59624-1728

Bradley J. Luck & Michael C. Prezeau
Garlington, Lohn & Robinson
P.O. Box 7909
Missoula, MT 59807-7909

William J. Mattix & Joe C. Maynard
Crowley Law Firm
P.O. Box 2529
Billings, MT 59103

Kristine L. Foot
Attorney at Law
P.O. Box 4947
Missoula, MT 59806

Sue Harold, Esq.
Corporate Law Dept.
1400 American Lane

Schaumberg, IL  60196


Geoffrey R. Keller, Esq.
225 Petroleum Bldg.
2812 First Ave. No.
Billings, MT  59101


Thomas A. Marra
Attorney at Law
P.O. Box 1525
Great Falls, MT  59403


Oliver H. Goe
Attorney at Law
P.O. Box 1697
Helena, MT  59624-1697


Norman H. Grosfield
Attorney at Law
P.O. Box 512
Helena, MT  59624-0512


Alan J. Joscelyn
Gough, Shanahan, Johnson & Waterman
P.O. Box 1715
Helena, MT  59624-1715


Paul Haffeman
Cure, Borer & Davis
P.O. Box 2103
Great Falls, MT  59403


Kyle A. Gray, Paul D. Miller & James Ragain
Holland & Hart
Ste. 1400, 175 No. 27th St.

Billings, MT  59101

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
     Deputy