**SPECIAL INDEMNITY
FUND, Petitioner,**

v.

**Russell D. ADAMS and Workers'
Compensation Court,
Respondents.**

Nos. 86003, 86008.

Court of Appeals of Oklahoma,
Division No. 4.

April 2, 1996.

Certiorari Denied May 30, 1996.

Thomas E. Prince, York & Slater, Oklahoma City, for Petitioner.

Fred L. Boettcher, Walt Brune, Boettcher Law Offices, Inc., Ponca City, for Respondent.

REIF, Judge.

Claimants in these companion cases [1] were awarded benefits against the Special Indemnity Fund. The Special Indemnity Fund did not pay these awards for approximately two years. When the awards were paid, no interest was included in the payment. Claimants then sought an order from the trial court for interest they claimed was due from the Special Indemnity Fund for its failure to pay the award within ten days as required by 85 O.S.1991 § 42. The trial court found that the Special Indemnity Fund was liable for interest and ordered it to pay interest on the awards at a rate of 18 percent.

■ Generally, the Special Indemnity Fund proposes five reasons why it should not be liable for interest on the awards. The first proposition is that 85 O.S.Supp.1995 § 42, effective November 4, 1994, amended the interest on awards provision of the workers' compensation statutes to specifically state the rate of interest that the Special Indemnity Fund must pay on awards against it. It is the Special Indemnity Fund's position that prior to that date, it had no liability for interest.

We disagree. A plain reading of section 42, both before and after the 1994 amendment, leads us to the conclusion that the Special Indemnity Fund had always been subject to the interest provision just like any other workers' compensation insurer. The amendment set the interest rate at the varying rate used for district court judgments. This reflects the legislature's understanding of the Special Indemnity Fund's continuing problem with the timely payment of awards due to a lack of funds. The amendment puts the Special Indemnity Fund's outstanding awards on the same footing as district court judgments. In the current economic climate, this lowers the Special Indemnity Fund's liability somewhat while still compensating injured claimants for the non-use of their award monies. We can find no compelling reason why the Special Indemnity Fund should be treated any differently than any other insurer as it concerns liability for interest on unpaid awards.

■ The Special Indemnity Fund next proposes that the trial court's orders violate Okla. Const. art. 10, § 23. This provision of the constitution prohibits state agencies from incurring obligations in excess of unencumbered cash on hand. We reject this argument. Initially, the Special Indemnity Fund did not and does not create obligations (in the form of awards to claimants) which are in excess of cash on hand. The workers' compensation court determines the award obligations of the Special Indemnity Fund. The statutory scheme that brought about the Special Indemnity Fund in the first place contemplates that awards will be ordered to be paid by the Special Indemnity Fund. Secondarily, the Special Indemnity Fund's cash on hand is not general tax revenue which the constitutional provision seeks to protect. The Special Indemnity Fund gets its money from special assessments set out in the worker's compensation statutory scheme. Under the Special Indemnity Fund's construction, the workers' compensation court would have to keep track of the Special Indemnity's Fund's cash on hand and stop writing award orders when the Special Indemnity Fund's cash runs out. This unworkable construction of the constitution is unpersuasive. The fact that the Special Indemnity Fund must wait to pay some awards until it has sufficient funds on hand necessitates that interest should accrue on the unpaid awards.

1. Companion cases Nos. 86,003; 86,004; 86,005; 86,006; 86,007; and 86,008 are ordered consolidated for disposition under surviving No. 86,003.

■ Next, the Special Indemnity Fund asserts that Claimants' acceptance of the principal amount of the award waives any claim for interest under 23 O.S.1991 § 8. The operative wording in the statute is "claim to interest." This statute concerns interest on a debt. The interest provided by 85 O.S.Supp.1995 § 42 is incorporated into the award by operation of law at the time it is entered. After the award went unpaid for ten days, the interest was due to Claimants as a part of the workers' compensation court's order. Claimants did not have a "claim to interest"; they had the equivalent of a judgment for the interest. That interest amount was due them regardless of the method of enforcement they sought. The Special Indemnity Fund's reliance on this statute is misplaced.

■ The Special Indemnity Fund further asserts that the claim for interest was barred by the statute of limitations. The Special Indemnity Fund takes the position that the interest on awards statute is a penalty and, therefore, 12 O.S.Supp.1995 § 95(4) applies. Section 95(4), a subsection of the general statute of limitations statute, requires that "civil actions" upon a "statute for penalty" be brought within one year after the cause of action accrues. Clearly, the interest sought by Claimants is not a "civil action" or a "penalty." Claimants were due the interest amounts when the Special Indemnity Fund failed to pay the award within ten days. The statute of limitations is inapplicable in this instance.

■ Lastly, the Special Indemnity Fund proposes that the workers' compensation court should be ordered to "direct" the payment of awards so as to avoid the imposition of interest. Apparently, the Special Indemnity Fund seeks to avoid having to pay interest by having the trial court state in its order that the awards are not payable until there are sufficient funds on hand to pay them. Not only is this not contemplated by statute, it is patently unfair and discriminatory to those injured claimants that have to seek benefits from the Special Indemnity Fund. '

As the propositions of the Special Indemnity Fund are without merit, the orders of the trial court are SUSTAINED.

TAYLOR, P.J., and RAPP, C.J., concur.