1999 OK CIV APP 59

**Donna L. MORRIS, Petitioner,**

v.

**Mitchell MANOR, State Insurance Fund, and the Workers' Compensation Court, Respondents.**

No. 92,107.

Court of Civil Appeals of Oklahoma, Division No. 3.

March 19, 1999.

Certiorari Denied May 19, 1999.

Fred L. Boettcher, Walt Brune, Boettcher Law Offices, Inc., Ponca City, Oklahoma, For Petitioner.

R. Ted Leslie, Connie M. Wolfe, McKinney & Stringer, P.C., Oklahoma City, Oklahoma, For Respondent Mitchell Manor.

Opinion by KENNETH L. BUETTNER, Presiding Judge:

¶1 In its order of June 1, 1998, the Workers' Compensation Court awarded Donna L. Morris a period of temporary total disability and 9% permanent partial disability to the right knee. It also ordered that Mitchell Manor, employer, was entitled to credit for overpayment of temporary total disability, to be deducted from the latter end of the award. Finally, it awarded Morris an attorney fee of $448.51, to be deducted in lump sum from the award. This order was not appealed. Mitchell Manor later moved to have the order certified to District Court because it had not been reimbursed the amount it had overpaid in TTD benefits. The court granted the motion after hearing arguments September 21, 1998. The Workers' Compensation Court, as a court of limited jurisdiction, lacked authority to enter the order. Consequently, we vacate it.

¶2 The rule is that "...jurisdictional inquiries into a trial tribunal's cognizance may be re-examined sua sponte, on appellate or certiorari review." *Red Rock Mental Health v. Roberts*, 1996 OK 117, 940 P.2d 486, 491. Also, it "is well settled that the [Workers' Compensation] Court is a statutory tribunal of limited jurisdiction and has only such jurisdiction as is conferred by law." *Hefley v. Neely Insurance Agency, Inc.*, 1998 OK 12, ¶7, 954 P.2d 135, 137.

¶3 With these principles in mind, we conclude that the trial court exceeded its jurisdiction because the Workers' Compensation Act provides only one remedy for overpayments of temporary benefits overpaid by an employer: "a credit against any subsequent order for permanent disability."[1] The statute does not contemplate any other method, for example a money judgment in favor of employer, for recouping an overpayment of TTD except as a credit against a future

---

1. 85 O.S. Supp.1997 § 203(E): "In the event temporary benefits are overpaid by any carrier or employer, the Court shall award a credit against any subsequent order for permanent disability in favor of the carrier or employer, subject to Section 41.1 of this title."

permanent disability award.[2] For this reason, we vacate the order.

VACATED.

GARRETT, J., and JOPLIN, J., concur.

---

2. 85 O.S. § 42, as amended, only authorizes the certification of an award when compensation due the employee is not paid within 10 days of the due date. Section 42 has no language authorizing certification of any amount due from the employer.