1999 OK CIV APP 58

**SPECIAL INDEMNITY FUND, Petitioner,**

v.

**Roy Doug WINKLEMAN and Workers' Compensation Court, Respondents.**

**No. 92,301.**

Court of Civil Appeals of Oklahoma, Division No. 2.

April 20, 1999.

Georgiana Peterson, Henry A. Meyer, III, Gregory J. Crawford, Pray, Walker, Jackman, Williamson & Marlar, Oklahoma City, Oklahoma, For Petitioner.

Mark O. Thurston, Tulsa, Oklahoma, For Respondent.

REIF, J.

¶1 This case concerns an order by the workers' compensation trial court which held that an unpaid award from the Special Indemnity Fund would bear interest at the rate of 18% from the date of the award— August 16, 1993. The court applied the version of title 85, section 42 of the Workers' Compensation Act that was in effect at the time of the award. The Special Indemnity Fund contends the court should have followed an amendment to section 42 that became effective November 4, 1994. The amendment states: "Any award from the Special Indemnity Fund prior to the effective date of this [amendment] shall bear interest at the rate of interest applicable to judgments in civil cases pursuant to Section 727 of Title 12 of the Oklahoma Statutes from the effective date of this [amendment]." In response, claimant asserts the trial court properly disregarded the 1994 amendment and applied the statutory interest in effect at the time of the award. Claimant cites *Plummer v. Special Indemnity Fund,* 1998 OK CIV APP 136, ¶ 19, 965 P.2d 998, 1001, that held "the statutory amendment of … § 42, as applied to *injuries sustained* prior to November 4, 1994, [impairs] a *substantive right* of the claimant in violation of Okla. Const. art. V, § 54." Even though the supreme court denied certiorari to review *Plummer,* the Special Indemnity Fund seeks reexamination of the *Plummer* holding in light of *Benson v. Blair,* 1973 OK 102, 515 P.2d 1363.

¶2 A unanimous court in *Benson* held that recovery of interest on judgments and verdicts was "[n]ot … of the substance of the right of action, [but was] a directive to the trial court, [and as such] a mode of procedure." *Id.* at ¶ 6, 515 P.2d at 1365. This view that the assessment of interest "is procedural rather than substantive" was later reaffirmed in *Fleming v. Baptist General Convention,* 1987 OK 54, ¶ 31, 742 P.2d 1087, 1097 (citing *Benson,* 1973 OK 102, 515 P.2d 1363).

¶3 A contrary view of interest on judgments and verdicts appears in *Timmons v. Royal Globe Ins. Co.,* 1985 OK 76, ¶ 13, 713 P.2d 589, 594. *Timmons* refers to post-judgment interest as a "term of a judgment" and an "accrued" or "vested" right in the adjudicated obligation.

¶4 In footnote 18, *Timmons* attempts to distinguish *Benson* on the ground that *Benson* did not address the concept of an accrued right in an adjudicated obligation. However, the very holding of *Benson* is that interest on judgments is *not of the substance of the right of action,* but instead is a legislative directive and a matter of procedure. The reason that *Benson* does not discuss interest on judgments as an "accrued" right is that the *Benson* holding is inherently inconsistent with such a concept, and an implicit rejection of same.

¶5 The recipient of a judgment or award does not receive interest as an adjudicated right, but rather by operation of procedural statutory law that the legislature is free to change or vary. Interest on a judgment does not become accrued or vested until it is earned by the passage of time. The only restraint on the power of the legislature to change the rate of interest applicable to a judgment or award is to not take away interest *actually earned* by or "accrued" to the recipient under the rate of interest in effect prior to the effective date of the change.

¶6 The amendment to title 85, section 42 "reflects the legislature's understanding of the Special Indemnity Fund's continuing problem with timely payment of awards due to a lack of funds." *Special Indemnity Fund v. Adams,* 1996 OK CIV APP 34, ¶ 6, 918 P.2d 84, 85. The lack of funds to pay such awards is not the "fault" of the Special Indemnity Fund nor a matter within the control of the Special Indemnity Fund. The obvious purpose of the rather high 18% rate of interest in section 42 is to deter willful or unexcused delays in payments of awards. However, in cases where the delay in payment is not willful and, in fact, beyond the

control of a public fund, use of the rate of interest generally applicable to unpaid judgments is a more just and appropriate remedy for the loss of use of the value of an award than a "penalty" amount of interest.

¶7 In changing the rate of interest, the legislature has done nothing more than provide a different measure for the loss of the use of value of the unpaid award. We see no difference in such action by the legislature and the provision of a variable rate of interest that fluctuates from year to year.

¶8 The legislature has acted within the permissible bound of its power in amending the rate of interest for unpaid awards from the Special Indemnity Fund, and there is a valid purpose for the amendment. Accordingly, the trial court erred as a matter of law in not applying the rate of interest provided in 85 O.S. Supp.1998 § 42.

¶9 VACATED AND REMANDED.

STUBBLEFIELD, P.J., concurring.

BOUDREAU, V.C.J., dissenting.

BOUDREAU, V.C.J., dissenting

¶1 I respectfully dissent. I do not view the holdings in *Timmons* and *Fleming* and *Benson* as inconsistent. *Timmons* held that the post-judgment interest rate in effect at the time of the judgment's rendition does not vary with any subsequent changes in the statutory rate level. Both *Fleming* and *Benson* addressed statutes that directed the assessment of interest from the time the suit was commenced to the date of the verdict. The court held in both cases that, when interest is allowed as an item of cost rather than an element of recovery, the interest statute is procedural rather than substantive. Accordingly, both cases held that the interest statute could be applied retroactively notwithstanding that the action in each case was commenced prior to the effective date of the Act. However, neither case receded from the view in *Timmons* that no term of a judgment can be affected by after-enacted legislation.