2001 OK CIV APP 30

The **MULTIPLE INJURY TRUST FUND**, f/k/a The Special Indemnity Fund of the State of Oklahoma, Administered by The State Insurance Fund, Petitioner/Respondent,

v.

Jerry D. **DEAN** and James H. Pilkington, individually and as representatives of a class of claimants, and The Workers' Compensation Court, Respondents/Petitioners.

No. 94030.

Court of Civil Appeals of Oklahoma, Division No. 1.

Nov. 9, 2000.

Rehearing Denied Dec. 8, 2000.

Certiorari Denied Feb. 27, 2001.

John M. Rowntree, Jr., Derryberry, Quigley, Solomon & Naifeh, dor Petitioner/Respondent The Oklahoma City, OK, Multiple Injury Trust Fund.

Thomas A. Layon, Layon & Cronin, and John B. Nicks, Tulsa, OK, for Respondents/Petitioners Jerry D. Dean and James H. Pilkington.

Opinion by KENNETH L. BUETTNER, Judge:

¶ 1 Petitioner/Respondent The Special Indemnity Fund of the State of Oklahoma, now known as The Multiple Injury Trust Fund[1] (Fund) and Respondents/ Petitioners Jerry D. Dean and James H. Pilkington, individually (Claimants), and as representatives of a class of claimants (Class), seek review of an order of the Workers' Compensation Court which ordered the Fund to pay to the Class over $25 million in interest on unpaid claims against the Fund.[2] Because we find that the trial court properly certified the matter as a class action, and because we find no errors of law, we sustain the order.

## I. PROCEDURAL BACKGROUND

¶ 2 In Claimants' action for interest on unpaid claims against the Fund they sought certification of a class of all claimants who have been awarded benefits against the Fund since January 1, 1987 and whose awards have not been paid. The Workers' Compensation Court entered its order June 22, 1995, in which it certified as a class all claimants who had been awarded benefits against the Fund since January 1, 1987 and whose claims remained unpaid. The court determined that the class exceeds 500 persons and that the class is so numerous that joinder is impracticable. The court further found questions of law and fact common to all the class members, specifically the issues of whether class members are entitled to interest on unpaid benefits and the applicable statute of limitations period. The court also determined that the claims of Claimants are typical of those of the Class. Finally, the court found that questions of law and fact common to members of the class predominate over questions affecting individual class members and that a class action is superior to other available methods for adjudication of the matter. The Fund did not seek review of that order.

¶ 3 Claimants then moved for partial summary judgment seeking an order that the applicable interest rate is 18%; that there is no applicable statute of limitations; and that amounts paid by the Fund toward the claims and interest must be applied first to the payment of interest and second to reduction of the principal. The Workers' Compensation Court entered its order January 29, 1997, in which it held that it had jurisdiction to assess interest on unpaid workers' compensation awards and that such determination is made pursuant to 85 O.S.Supp.1994 § 42. The court further found that 85 O.S. 1991 § 42 was amended in 1994 and that prior to that amendment, 12 O.S.1991 § 727 did not apply to awards against the Fund, but that after the 1994 amendment to § 42,

---

1. The Multiple Injury Trust Fund was created by the legislature to replace the Special Indemnity Fund effective November 1, 1999. 85 O.S.Supp. 1999 § 173.

2. The Class' petition for review was filed under Case No. 94,183 while the Fund's petition for review was filed under Case No. 94,030. The cases were consolidated under the surviving Case No. 94,030. See Supreme Court Order, May 31, 2000.

12 O.S.1991 § 727 did apply to determine the amount of interest owed. The court further determined that the dormancy provision in 12 O.S.1991 § 735 is not applicable to workers' compensation awards unless and until a certified copy of the award is filed in the district court. The court also ruled that ordering the Fund to pay interest on awards does not violate Oklahoma Constitution Article 10, Section 23. The court further ruled that the interest rate for awards entered against the Fund prior to November 4, 1994, and not filed in the district court, is 18%, and the interest rate on awards entered prior to November 4, 1994, but filed in the district court, is the interest rate governed by 12 O.S.1991 § 727 from the date of such filing. The court determined that the interest rate on awards entered against the Fund after November 4, 1994 is the rate provided for in 85 O.S.Supp.1994 § 42 and 12 O.S.1991 § 727. The court next determined that all payments made by the Fund would be applied to principal first and then to accumulated interest. The court then ordered a status conference to determine which class members belonged to three subclasses and also ordered the parties to inform the court when the principal amount of each class member's award was paid.

¶ 4 Claimants then sought appellate review of that order. This court ruled that the above-described order was not a "reviewable decision" and dismissed the review proceeding. See *Dean v. Special Indemnity Fund,* 1998 OK CIV APP 30, 956 P.2d 945. This court noted that its review of Workers' Compensation Court cases is limited to reviewable decisions, which are defined as those which " 'make or deny an award' or otherwise constitute 'a final determination of the rights of the parties upon a final hearing.' " *Id.* at 947–8, citing *McCallum & Forber v. Owens,* 184 Okla. 66, 85 P.2d 411 (1938). This court determined that the trial court's order "directs a status conference, continuation of the determination of the members of the class, and determination of the principal amounts for each member of the class," but lacked the attributes of an enforceable award. This court noted that it did not express an opinion on the jurisdiction or authority of the Workers' Compensation Court to entertain a class action.

¶ 5 Following dismissal of the review proceeding, the trial court ordered the parties to submit interest computations for the court's consideration. The trial court issued an order November 22, 1999, in which it awarded interest on unpaid awards to the Class. The November 22, 1999 order was vacated December 29, 1999 and a new order was issued which is the subject of the instant review proceeding.

¶ 6 In its December 29, 1999 order, the trial court noted that Rule 2 of the Workers' Compensation Court Rules [3] provides that "any matter of practice or procedure not specifically dealt with either by the Workers' Compensation Act or by these Rules will be guided by practice or procedure followed in the district courts of this state." The court further noted that, while the Workers' Compensation Act and Rules do not address class actions, the civil procedure statutes applicable to the district courts do provide a statutory basis for class action proceedings. The court noted its 1995 order certifying as a class persons who had received awards of benefits from the Fund since January 1, 1987 which remain unpaid.[4] The order further provided that assessment of interest on unpaid workers' compensation awards is covered by the Workers' Compensation Act, specifically 85 O.S.Supp.1994 § 42.

¶ 7 In its order the court further held that prior to the November 4, 1994 amendment to 85 O.S.Supp.1994 § 42, 12 O.S.1991 § 727 did not apply to workers' compensation awards unless a certified copy of the award was filed in the district court.[5] The court opined that it would not render an advisory opinion di-

---

3. 85 O.S.Supp.1995, Ch. 4, App.

4. However, in Paragraph 14 of the order, the court limited the class to those persons who received awards of benefits from the Fund from January 1, 1987 until May 9, 1996 whose claims have not been paid. Excluded from the class are persons who have opted out of the class and those whose claims have been satisfied by payment.

5. Citing *City of Tulsa v. Heminger,* 1985 OK CIV APP 18, 706 P.2d 917.

recting the Fund as to which claims should receive priority of payment. The court further declared that the United States Rule applies to partial payments of claims against the Fund.

¶ 8 The court held that interest awards on unpaid claims against the Fund shall be computed pursuant to *Cox v. Kansas City Life Insurance Co.*, 1999 OK 57, 983 P.2d 1025. The court noted its earlier request for submissions of proposed computations of interest based on *Cox*. The Class submitted two sets of calculations indicating interest due in the amounts of $21,459,594.54 and $29,875,850.83. The Fund submitted calculations showing $25,015,457.74 in interest due. The court order further noted that the parties had exchanged documents listing the names and case numbers of those in the Class.

¶ 9 The court order provided that the Fund was liable for interest on unpaid awards to Class members in the amount of $25,015,457.74, and ordered the Fund to pay to each class member the amount indicated on Addendum # 1 to the order, which sums total $25,015,457.74. The court ordered the Fund to deposit $25,015,457.74 with the Workers' Compensation Court administrator within 60 days of the order for distribution to Class members.[6] The court reserved the issues of the means of distribution of the award and assessment of costs and attorney fees for future hearing.

## II. PROPRIETY OF CLASS ACTION

¶ 10 In this review proceeding, the Fund argues first that the Workers' Compensation Court does not have jurisdiction to entertain class actions. The Fund's only argument in this regard is that the Oklahoma Pleading Code, which includes class action provisions, does not apply to actions in the Workers' Compensation Court. As a general rule this is true. However, the authority on which the Fund relies is easily distinguishable from the instant issue. Further, the Workers' Compensation Court Rules expressly allow guidance from statutes applicable to the district courts in matters not addressed by the Workers' Compensation Act or that court's rules.

¶ 11 The Fund relies on *Red Rock Mental Health v. Roberts*, 1997 OK 133, 940 P.2d 486, for its statement that the Workers' Compensation Court is a court of limited jurisdiction. With that statement we agree. *Red Rock* involved an order by the Workers' Compensation Court which required one employer to reimburse another employer for workers' compensation benefits paid to a claimant who had worked for both employers. The Oklahoma Supreme Court held that the reimbursement claim fell outside the Workers' Compensation Court's limited jurisdiction, which it noted was restricted to claims by injured workers against employers for work-related injuries and claims by medical providers to successful claimants. *Id.* at 490–1. The court further held that "the jurisdiction of the (Workers' Compensation) court to make an award upon a claim not arising under the (Workers' Compensation Act) cannot be conferred by agreement, waiver, or conduct of the parties." The court expressly determined that the Workers' Compensation Court does not have jurisdiction to consider controversies between a) two insurance companies in which an injured claimant is not interested; b) an employer and its insurer, unless a claimant's right is affected; or c) an employer and an insurance carrier of another employer if the statutory liability to the claimant is not implicated. *Id.* at 491. The instant case is not like *Red Rock* in that is does not involve a claim outside the jurisdiction of the Workers' Compensation Court. Rather, the instant case involves the statutory right of claimants to interest on unpaid workers' compensation awards, which right is specifically granted by in the Workers' Compensation Act. 85 O.S.Supp.1995 § 42.

¶ 12 The Fund also asserts that in *Red Rock*, the court cited with approval the following language from Justice Opala's concurring opinion in *Camps v. Taylor*, 1995 OK 23, 892 P.2d 633, 637:

**6.** The authority of the Workers' Compensation Court to order the Fund to deposit interest payments with the court administrator for distribu-

tion to claimants was not raised as an appellate issue and is not addressed herein.

Inasmuch as the *entire* Pleading Code's ambit is *explicitly restricted by its § 2001 to district court practice,* the phrase "*any applicable statute*", found in the Code's § 2006A, cannot be viewed as intended to reach *one iota further than the Code itself.* The § 2001 boundary of the Code would be impermissibly crossed if we were to declare that § 2006A language *may be extended* to cover workers' compensation procedure—an adjective—law regime patently *dehors* the Pleading Code's purview. (Emphasis in original.)

In *Camps,* the Oklahoma Supreme Court determined that the statute of limitations for workers' compensation cases ended on the second anniversary of the date of injury, rather than the day before the second anniversary. In *Red Rock,* Justice Opala, writing for the Court, cited his concurring opinion in *Camps* only for the statement that the Workers' Compensation Court is a court of limited jurisdiction. Further, the citation to *Camps* in *Red Rock* is to a different page than that on which the above-quoted passage is found. We therefore are reluctant to conclude that the majority of the court adopted the quoted language from the concurring opinion in *Camps.*

¶ 13 As noted above, *Red Rock* limits the Workers' Compensation Court's jurisdiction to cases in which a claimant is the interested party and cases in which the Workers' Compensation Act provides a statutory basis for an award. The instant case involves precisely that situation. The class is comprised of claimants seeking interest which is afforded them in the Workers' Compensation Act.

¶ 14 Additionally, the Workers' Compensation Court Rules specifically provide for guidance from statutes applicable to the district courts in matters not addressed by the Workers' Compensation Act or Workers' Compensation Court Rules. 85 O.S.Supp. 1995, Ch. 4, App. We find that this rule allows the Workers' Compensation Court to adopt the class action procedures applicable in the district courts. We find further support for this view from a Montana case which considered the jurisdiction of workers' compensation courts to hear class action matters.[7]

¶ 15 In *Murer v. Montana State Compensation Mutual Insurance Fund,* 849 P.2d 1036, 257 Mont. 434 (1993), nine injured workers sought certification of a class of up to 2000 claimants entitled to various benefits from over 200 insurers under Montana's workers' compensation laws. The trial court denied certification of the class based on a failure to comply with Rule 23(a), Montana Rules of Civil Procedure.[8] *Id.* at 1037. The Montana Supreme Court recognized that that state's workers' compensation rules did not provide for class action certification. *Id.* But, the court noted that the trial court had applied Rule 23, Montana Rules of Civil Procedure, and the court indicated that it had previously approved the Workers' Compensation Court being guided by the Montana Rules of Civil Procedure. *Id.*

¶ 16 Rather than issuing a blanket edict that the Workers' Compensation Court could not utilize the class action procedure, the Montana Supreme Court instead addressed the Workers' Compensation Court's decision as it would any district court's decision regarding class certification. *Id.* The Montana Supreme Court noted first that the standard of review for a decision on class certification is abuse of discretion. *Id.* The court noted that a class action is a procedural device for economic and efficient disposition of cases and that the trial court is therefore vested with discretion because the trial court is in the best position to determine the most efficient manner of resolving controversies. *Id.* The court noted the pertinence of this rule to the Workers' Compensation Court:

This is especially true of the Workers' Compensation Court because it is the only court in the State of Montana having trial

7. See also *Johnson v. Louisiana Department of Labor, Office of Workers' Compensation,* 737 So.2d 898 (La.App.1999) which held that the Louisiana Office of Workers' Compensation did not exceed its statutory authority in adopting a rule prohibiting class actions in workers' compensation courts based on the appeals court's finding that the workers' compensation procedures differ from other provisions of Louisiana law.

8. Rule 23(a) lists prerequisites to a class action.

court jurisdiction over the subject matter. The Workers' Compensation Court is best acquainted with its case load, time schedules, and resources. The trial court is in the best position to consider the most fair and efficient procedure for conducting any given litigation.

*Id.* The Montana Supreme Court then addressed the Workers' Compensation Court's finding that the class action at issue did not satisfy the requirements of Rule 23 of the Montana Rules of Civil Procedure (which mirrors 12 O.S.1991 § 2023) and finding no abuse of discretion, affirmed the denial of class certification.

¶ 17 We are persuaded, both by Rule 2 of the Oklahoma Workers' Compensation Court Rules and by the Montana court's reasoning, that the Oklahoma class action statute may be applied to proceedings in the Workers' Compensation Court if the statutory prerequisites found at 12 O.S.1991 § 2023 are met. As demonstrated by these proceedings, rather than having separate proceedings in over 500 cases, the class action procedure has answered common questions of law in a single proceeding and allowed for resolution of factual issues, computation of interest due individual claimants, in an economic and efficient manner.

¶ 18 Normally, a review of the class certification is based on an abuse of discretion standard. *Black Hawk Oil Co. v. Exxon Corp.*, 1998 OK 70, 969 P.2d 337, 342; *Shores v. First City Bank Corp.*, 1984 OK 67, 689 P.2d 299, 301. In this review proceeding, the Fund has not asserted that certification of the class was error on any ground other than lack of jurisdiction. This court will not search the record for error which has not been asserted. We do note, however, that in certifying the class, the Workers' Compensation Court found that each of the prerequisites found in 12 O.S.1991 § 2023(A) were met, along with the prerequisite listed in 12 O.S.1991 § 2023(B)(3). This is all that is required to certify a class in the district courts, and, as we have determined above, the Workers' Compensation Court may seek guidance from procedural statutes applicable to the district courts when the Workers' Compensation Court Rules and the Workers' Compensation Act do not address a particular procedure.

## III. STATUTE OF LIMITATIONS

¶ 19 The Fund next argues that the Class' actions to recover unpaid interest are subject to a one year statute of limitations. The Fund asserts that the interest provision in 85 O.S.Supp.1995 § 42 is a penalty and that, accordingly, the one year statute of limitations found at 12 O.S.Supp.1995 § 95(4) [9] applies. This argument has been previously dispensed with by this court. In *Special Indemnity Fund v. Adams*, 1996 OK CIV APP 34, 918 P.2d 84, 86 (cert.denied), we held that the interest sought by claimants from the Fund does not constitute a penalty and that § 95(4) does not apply. We further explained that interest under § 42 is incorporated into an award of benefits by operation of law at the time the award is entered. If the award is not paid within 10 days, then interest is due. We consequently hold that the one year statute of limitations in 12 O.S.Supp.1995 § 95(4) is inapplicable to an interest award under the Workers' Compensation Act.

## IV. INTEREST ON AWARDS

¶ 20 The Fund's next assertion of error is that the Workers' Compensation Court erred in ordering it to pay 18% interest on unpaid awards. We note that the order on review in the instant case does not order the Fund to pay interest at 18%. The Fund further argues, however, that it is a State entity and that, as such, it cannot be ordered to pay interest of more than 10% pursuant to § 727(B).

### A. The Fund is Not a State Agency

¶ 21 Title 12 O.S.Supp.1999 § 727(B) provides:

Judgments, including costs and attorney fees authorized by statute or otherwise and allowed by the court, against this state or its political subdivisions, including counties,

---

**9.** That subsection provides that civil actions "upon a statute for penalty or forfeiture, except

where the statute imposing it prescribes a different limitation" must be brought within one year.

municipalities, school districts, and public trusts of which this state or a political subdivision of this state is a beneficiary, shall bear interest during the term of judgment at a rate prescribed pursuant to this section, but not to exceed ten percent (10%), from the date of rendition....

■ The Fund is now titled "The Multiple Injury Trust Fund." It is a trust created by statute and is funded by contributions from workers' compensation insurers and the State Insurance Fund. 85 O.S.Supp.1999 § 173. Further, this court has determined that the Fund is akin to a trust. *Barber v. Special Indemnity Fund*, 1994 OK CIV APP 55, 875 P.2d 449. Section 727(B) provides that public trusts "of which this state or a political subdivision of this state is a beneficiary" are subject to the 10% interest limitation. The Fund is a trust whose beneficiaries are physically impaired workers' compensation claimants. Title 85 O.S.Supp. 1999 § 173 provides that monies owed to the Fund are to be collected by the Oklahoma Tax Commission; however, that section also provides that the Fund is authorized to receive and expend monies appropriated by the Legislature. See 85 O.S.Supp.1999 § 173(A) and (B). Nevertheless, we conclude that the Fund is a trust for the benefit of claimants, which does not constitute "the state or a political subdivision" or a public trust of which the state is a beneficiary under 12 O.S.Supp.1999 § 727(B).[10]

### B. The Fund's Insolvency Does Not Prevent Interest Award

■ ¶ 22 The Fund next argues that the Workers' Compensation Court erred in ordering it to pay interest to the Class because, according to the Fund, the Oklahoma Constitution prohibits enforcement of awards made while the Fund is insolvent. The Fund relies on Okla. Const. Art. 10, § 23 which provides in part:

The state shall never create or authorize the creation of any debt or obligation, or fund or pay any deficit, against the state or any department, institution or agency

thereof, regardless of its form or the source of money from which it is to be paid,

* * *

5....Any department, institution or agency of the state operating on revenues derived from any law or laws which allocate the revenues thereof to such department, institution or agency shall not incur obligations in excess of the unencumbered balance of cash on hand....

This court has previously addressed this argument by the Fund in another case. See *Adams, supra*, 918 P.2d at 85. We rejected the Fund's argument, noting that the Fund does not create obligations in excess of cash on hand. *Id.* Rather, the Workers' Compensation Court establishes the obligations of the Fund by awarding benefits. *Id.* We further noted that the Fund's cash is not "general tax revenue" which § 23 seeks to protect. *Id.* The Workers' Compensation Act provides for the Fund to be funded by contributions from insurers and that, following the Fund's argument on this issue, the Workers' Compensation Court would have to keep track of the Fund's financial condition and suspend awarding benefits at any time the Fund is insolvent. *Id.* Further, as we noted above, the Fund is a trust funded by insurers for the benefit of physically impaired claimants. Accordingly, it is doubtful whether the Fund is even included in the prohibition of debt provision in Article 10, § 23. There is support for this view in *Moran v. State ex rel. Derryberry*, 1975 OK 69, 534 P.2d 1282, 1288 which held that the State Insurance Fund, which administers the Fund, is a business entity and not a state agency or even a state fund. Section 23 is not an impediment to an award of interest.

### C. Partial Payments Applied to Interest First

■ ¶ 23 The Fund's final argument on review is that the Workers' Compensation Court erred in ordering that payments made by the Fund must be applied to interest first and then to principal. In its order, the

---

**10.** See *State v. Young*, 1999 OK CR 14, 989 P.2d 949, 953–4, which held that the funds of the State Insurance Fund are not public funds.

Workers' Compensation Court included Paragraph 11 which provides:

> THAT the United States Rule applies to partial payments made toward satisfaction of orders of the Oklahoma Workers' Compensation Court including orders against the (Fund). See *Christensen v. Snap–On Tools Corp.*, 554 N.W.2d 254 (Iowa 1996).

The Fund does not dispute that this is a correct statement of law. Oklahoma adopted the United States Rule, which provides that partial payments of judgments are applied first to interest and then to principal, in 1958. See *Landess v. State ex rel. Com'rs of Land Office*, 1958 OK 295, 335 P.2d 1077, 1079. Although no Oklahoma case has addressed the applicability of the United States Rule to workers' compensation cases, Iowa has adopted the rule for partial payments of workers' compensation benefits. See *Christensen v. Snap–On Tools*, 554 N.W.2d 254, 261–2 (Iowa 1996); *Davidson v. Bruce*, 594 N.W.2d 833, 839 (Iowa App.1999). The Fund argues only that an exception to the United States Rule should be made in the instant case because of the Fund's difficulty in paying awards entered against it. We do not find sufficient cause or authority to grant an exception in the instant case.[11]

¶ 24 Claimants have also sought review of the order in the instant case. They allege that the post-judgment interest calculations may not be affected by the amendments to 85 O.S.Supp.1995 § 42 and 12 O.S.Supp.1997 § 727. Before its 1994 amendment, 85 O.S.1991 § 42 provided that unpaid workers' compensation court awards bore interest at 18%. This court has previously concluded that 85 O.S.1991 § 42 included awards made against the Fund. *Adams, supra.* Upon the amendment of § 42, effective November 4, 1994, that section provided that unpaid awards against the Fund bear interest at the rate applicable under 12 O.S.Supp.1995 § 727, and, that "any award

from the (Fund) prior to the effective date of (this section) shall bear interest at the rate of interest applicable to judgments in civil cases pursuant to (§ 727) from the effective date of this (section)." In *Adams, supra,* this court interpreted the amendment to require that the Fund pay 18% interest on awards entered before November 4, 1994 and pay the § 727 rate on awards entered after that date.

¶ 25 In 1998, this court held that the terms of a court order awarding post-judgment interest may not be altered by after-enacted legislation changing the interest rate. *Plummer v. Special Indemnity Fund,* 1998 OK CIV APP 136, 965 P.2d 998, 1001 (cert.denied). In *Plummer,* the claimant challenged the amendment to § 42 which provided that the § 727 interest rates applied even to awards of compensation entered prior to the effective date of the 1994 § 42 amendment. This court concluded that the 1994 amendment to § 42, which altered the interest rate for orders against the Fund entered *prior* to the effective date of the amendment "is an unreasonable exercise of legislative authority affecting a *substantive right* of the claimant in violation of Okla. Const. art. V, § 54." *Id.* at 1001.

¶ 26 This court again addressed the statutory amendments regarding interest on unpaid Fund awards in 1999 in the case of *Special Indemnity Fund v. Winkleman,* 1999 OK CIV APP 58, 979 P.2d 270. In *Winkleman,* the Workers' Compensation Court applied the version of § 42 in effect at the time of the award, prior to the 1994 amendment, and ordered the Fund to pay 18% interest on the unpaid award. The Fund argued that the court should have applied the amended version of § 42. This court noted two contrary opinions of the Oklahoma Supreme Court regarding the issue whether post-judgment interest is a substantive [12] or procedural [13] right and concluded that:

---

11. This issue may be moot based upon the 1997 amendment to 12 O.S. § 727. See 12 O.S. Supp. 1997 § 727(c). Prior to this amendment, there was no compounding of post-judgment interest and no interest on costs or attorneys' fees. The current version of § 727(c) provides for compounding interest annually. Therefore, because the total amount of the judgment that remains unpaid continues to accrue post-judgment inter-

est, it is irrelevant whether partial payments are applied to principal or interest.

12. Citing *Timmons v. Royal Globe Ins. Co.,* 1985 OK 76, 713 P.2d 589.

13. Relying on *Benson v. Blair,* 1973 OK 102, 515 P.2d 1363.

The recipient of a judgment or award does not receive interest as an adjudicated right, but rather by operation of procedural statutory law that the legislature is free to change or vary. Interest on a judgment does not become accrued or vested until it is earned by the passage of time. The only restraint on the power of the legislature to change the rate of interest applicable to a judgment or award is to not take away interest *actually earned* by or "accrued" to the recipient under the rate of interest in effect prior to the effective date of the change.

*Id.* at 271 (emphasis in original). In *Winkleman,* this court recognized that the amendment to § 42 " 'reflects the legislature's understanding of the (Fund's) continuing problem with timely payment of awards due to a lack of funds.' " Quoting *Adams, supra,* 918 P.2d at 85. This court concluded that the legislature "acted within the permissible bound of its power in amending the rate of interest for unpaid awards" from the Fund and that the Workers' Compensation Court erred in not applying the amended interest rate in § 42.

¶ 27 The Legislature responded to these cases by amending § 42 again in 1999 to provide that unpaid awards against the Fund, entered prior to November 4, 1994, would bear interest at the rate specified in § 727. The 1999 amendment omitted the provision that the § 727 rate applies "from the effective date of the amendment." Section 727 has also been amended. Prior to 1997, post-judgment interest accrued at the rate in effect at the time the judgment was entered, regardless of when the judgment was finally paid. And, interest did not compound. However, in 1997, § 727 was amended to provide that post-judgment interest is recomputed every calendar year and accrues each year at the rate established for that year by the Administrative Director of the Courts. Further, accrued but unpaid interest now bears interest. See *Cox v. Kansas City Life Ins. Co.* 1999 OK 57, 983 P.2d 1025, 1027. The amendments to § 727 took effect January 1, 1998.

¶ 28 *Cox* involved a district court judgment on which post-judgment interest was award-

ed pursuant to § 727. In that case, the trial court entered an order against the insurance company's supersedeas bond in July 1998 which provided that "post judgment interest shall be paid from April 8, 1994 (the date of the original judgment) until January 1, 1998 at 6.99%, then the post-judgment interest is added to 12 O.S. § 727 at 9.22% with reduction for payment made on April 14, 1998. Post-judgment interest is then added to the remaining unpaid judgment at the end of each subsequent year with the new yearly interest rate then applied to the total...." The Supreme Court noted that the original judgment from 1994 provided that post-judgment interest would accrue "*at the annual statutory rate* which begins at 6.99 percent per annum for 1994...." After noting the amendments to § 727, the court determined that, because the trial court's original judgment provided for post-judgment interest to accrue *at the annual statutory rate,* the trial court did not err in ordering that post-judgment interest accrue at different annual rates after the effective date of the § 727 amendments. The court reasoned that, by ordering post-judgment interest "at the annual statutory rate," the trial court protected the judgment from the provision of *Timmons, supra,* that "no term of a judgment may be affected by after-enacted legislation."

## V. CONCLUSION

¶ 29 Awards against the Fund bear interest if they remain unpaid 10 days after the award is entered. Accordingly, post-judgment interest is not directed in the awards but is required pursuant to § 42. As a result, there is no "term of a judgment" to be affected by after-enacted legislation changing the interest rate. We find that, for this reason, the Workers' Compensation Court in the instant case ordered that interest in the instant case shall be computed pursuant to *Cox.* Because § 42 provides that interest on awards entered prior to November 4, 1994 shall bear interest at the rates provided for by 12 O.S. § 727, and because *Cox* determined that the variable rates in § 727 apply to judgments entered before § 727 was amended to provide for such variable rates, we conclude that the trial court did not err and that interest in the instant case shall

accrue pursuant to § 42. Again, that section provides that interest on awards entered prior to its amendment shall bear interest at the § 727 rates.

¶ 30 For the reasons expressed in this opinion, the order of the Workers' Compensation Court is SUSTAINED.

JONES, P.J., concurs; GARRETT, J., dissents with separate opinion.

GARRETT, J., dissenting:

¶ 1 In my opinion, the order being considered should be vacated. The difficulty relates to the jurisdiction of the Workers' Compensation Court. It is well settled it is a court created by statute with only the powers, duties and jurisdiction as is conferred by law.[1] It is a specially created court which deals only with a single type of case. There is no statute conferring jurisdiction to that Court to entertain a class action. Workers' compensation did not exist at common law. Tort claims, based on tort rules, were the only method for a worker to recover damages for injuries suffered while on the job. This came to be regarded as insufficient. Workers' compensation was created to enable workers engaged in hazardous employments to recover damages for injuries suffered while on the job.

¶ 2 The Workers' Compensation Court's power to make procedural rules cannot also be the basis of the power to legislate new and additional jurisdiction not granted to it by an act of the Legislature. In this connection, I decline to follow a decision of a court of a sister state which is contrary to many decisions of Oklahoma's Supreme Court which have uniformly been adopted over the years.

¶ 3 This does not mean that the workers involved have no remedy. If there is no statute of limitations and no dormancy statute, each worker is entitled to interest on an unpaid award according to the statute in effect on the day the injury was suffered, or on the day the award was made. We could, and probably should, decide which day should be the proper one.

¶ 4 District court rules of practice or procedure [but not substantive provisions] have been used in workers' compensation cases when there is no corresponding statute or rule to avoid inequitable treatment of a party in the Workers' Compensation Court.[2] However, in allowing a class action wherein joinder is deemed impracticable, it is possible that a potential claimant will be missed, resulting in a claimant's loss of an award. Also, one of the requirements of 12 O.S.1991 § 2023 is that the issues of the class predominate over the issues of individual claimants. In my opinion, this violates the fundamental requirement that *all parties* shall have opportunity to develop their cases before the Workers' Compensation Court. See *Ed Wright Construction Co. v. McKey*, 1979 OK 25, 591 P.2d 302.

¶ 5 The majority would allow the certification of a class, under Rule 2, in the Workers' Compensation Court as a "matter of practice and procedure not specifically dealt with either by the Workers' Compensation Act or by these Rules". In my view, an individual claimant's substantive rights will be affected if a class action is permitted. Also, as a court of limited jurisdiction, the Workers' Compensation Court has been given no *stat-*

1. *Hefley v. Neely Insurance Agency, Inc.*, 1998 OK 12, 954 P.2d 135; *Pine v. Davis*, 1944 OK 10, 145 P.2d 378, 193 Okl. 517; *Bryant–Hayward Drilling Company v. Green*, 1961 OK 127, 362 P.2d 676; *Morris v. Manor*, 1999 OK CIV APP 59, 984 P.2d 254; *Homeland Insurance Co./The Oklahoma Property and Casualty Guaranty Fund v. Rankin*, 1993 OK CIV APP 19, 848 P.2d 587.

2. See *Enochs v. Martin Properties, Inc.*, 1997 OK 132, 954 P.2d 124, in which District Court Rule 10 (DC Rule 10), was applied. The Court held the respondents must be given advance notice of default with opportunity to cure an appearance ineffectively made, but accepted by the trial court. But see, *Homeland Insurance Co./The Oklahoma Property and Casualty Guaranty Fund v. Rankin*, 1993 OK CIV APP 19, 848 P.2d 587, in which the Court of Civil Appeals held that recognition of the doctrine of laches as a valid defense, under 12 O.S.1991 § 2008(C)(12), was not a matter of practice and procedure and could not be used as a valid defense in workers' compensation cases. The Court noted laches is a doctrine which is peculiar to courts of equity, whereas "[a]n action for workers' compensation benefits is a special statutory proceeding ... and does not fall within equitable jurisdiction." *Id.*, at 589.

*utory* grant of jurisdiction to allow a class action.

¶ 6 I dissent.