**OKLAHOMA BOARD OF MEDICAL LICENSURE AND SUPERVISION, a State Agency, Appellant,**

v.

**OKLAHOMA BOARD OF EXAMINERS IN OPTOMETRY, a State Agency, Appellee.**

No. 83925.

Supreme Court of Oklahoma.

Feb. 21, 1995.

George F. Short and Cynthia L. Sparling, Oklahoma City, for appellant.

Michael C. Turpen, Robert A. Nance, and Todd Markum, Oklahoma City, for appellee.

HODGES, Justice.

The issue before this Court is whether the Oklahoma Board of Medical Licensure and Supervision (Medical Board) had standing to bring this declaratory judgment action against the Oklahoma Board of Examiners in Optometry (Optometry Board). We hold that under title 59, section 491.1 of the Oklahoma Statutes, the Medical Board had standing to bring this declaratory judgment.

## I. Facts

On February 23, 1988, the Optometry Board decreed that qualified optometrists could use lasers in the practice of optometry. The Optometry Board takes the position that the Oklahoma Statutes authorize the use of lasers by licensed optometrists. On January 15, 1992, the Medical Board issued an opinion stating that the performance of laser surgery constituted the practice of medicine. The Medical Board takes the position that an optometrist who performs laser surgery is practicing medicine without a license. Thus, the position of the Medical Board is directly opposed to that of the Optometry Board.

On April 1, 1994, the Medical Board brought a declaratory judgment action against the Optometry Board. The action sought a declaration that the Oklahoma Statutes governing the practice of optometry did not authorize an optometrist to perform procedures with the YAG laser or laser surgery. The Optometry Board filed a motion to dismiss arguing the Medical Board had no authority to file a declaratory action against the Optometry Board.

On June 17, 1994, the district court entered a minute order holding the Medical Board lacked capacity to sue the Optometry Board. The Journal Entry of Judgment was filed on July 21, 1994. The Medical Board filed an appeal under Rule 1.203 of the Rules of Appellate Procedure. *See* Okla.Stat. tit. 12, ch. 15, app. 2, rule 1.203 (Supp.1994). After denying the motion to submit appellate briefs, the Court of Appeals affirmed. This Court asked for appellate briefs on the appli-

cability of section 491.1 of title 59 of the Oklahoma Statutes.

## II. Effect of Okla.Stat. tit. 59, § 491.1 (Supp.1994)

Between the time that the motion to dismiss was filed and the final judgment was filed, section 491.1 of title 59 of the Oklahoma Statutes became effective. Section 491.1(A) states:

> The Board may bring civil actions for declaratory rulings to determine if any act constitutes the unauthorized practice of medicine or surgery or any other healing art over which the Board has jurisdiction in this state.

This provision expressly authorizes the Medical Board to seek a declaratory judgment in actions filed after July 1, 1994, its effective date. The question then becomes whether section 491.1 is applicable to the present action.

■ The general rule is statutes are to be applied prospectively only. *Fleming v. Baptist General Convention of Oklahoma,* 742 P.2d 1087, 1092 (Okla.1987). This general rule is not applicable to statutes affecting only procedure because no one has a vested right in any particular procedure. Thus, statutes that affect procedures and not substantive rights or vested rights, will be given retrospective effect. *Id.*

■ The Optometry Board, has not only the right, but also the duty to regulate the practice of optometry subject to the Oklahoma statutes. Okla.Stat. tit. 59, § 581–604 (1991 & Supp.1994). Similarly, the Medical Board has the right and the duty to regulate the practice of medicine subject to the Oklahoma Statutes. *Id.* at §§ 481–536.11. Section 491.1 does not affect either of these rights, only the method of enforcement. Section 491.1 merely provides the Medical Board another vehicle for discharging its statutory authority. Because section 491.1 is procedural rather than substantive and does not impact a vested right, it should have been applied retrospectively to the present action.

■ The Optometry Board argues section 491.1 only gives the Medical Board authority to bring actions for declaratory judgments

against medical doctors. The Optometry Board's basic argument is the use of lasers is the practice of optometry, not the practice of medicine and, therefore, is not subject to the Medical Board's authority. If the Optometry Board's argument were accepted, the Medical Board could not challenge, by way of an action for declaratory judgment, a dentist's performing invasive neurosurgery because dentists are not regulated by the Medical Board. This would be true even though the Medical Board's legislative function is to regulate the practice of medicine, including surgery. Therefore, it is logical the Medical Board should be able to bring a declaratory action to determine if an act constitutes the unauthorized practice of medicine.

 In support of its argument, the Optometry Board misquotes section 491.1 as stating:

A. The Board may bring civil actions for declaratory rulings to determine if any act constitutes the unauthorized practice of medicine or surgery *of* any other healing art *over which the Board has jurisdiction in this state.*

(Italics added.) Section 491.1 actually states the Medical Board may bring an action "to determine if any act constitutes the unauthorized practice of medicine or surgery *or* any other healing art over which the Board has jurisdiction...." (Emphasis added.) This provision allows the Medical Board to bring a declaratory action "to determine [whether an] act constitutes the unauthorized practice of [1] medicine or [2] surgery or [3] any other healing art over which the Board has jurisdiction in this state." These three provisions are mutually exclusive.

In this case, the Medical Board filed this action to determine whether the use of lasers constituted the unauthorized practice of medicine, an action that is undoubtedly allowed by a clear reading of section 491.1. Further, section 491.1 is procedural rather than substantive and should have been applied retrospectively to the present action. Therefore, section 491.1 specifically authorizes the Medical Board to bring actions for declaratory rulings to determine if an act is subject to its regulation and section 491.1 applies in this case.

The trial court erred in holding the Medical Board was without authority to bring the present action. Therefore, the judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion. Further, the opinion of the Court of Appeals is vacated.

COURT OF APPEALS' OPINION VACATED; JUDGMENT OF TRIAL COURT REVERSED AND CAUSE REMANDED.

All the Justices concur.