2003 OK CIV APP 38

**TRIPLE D EXCAVATION and National
American Insurance Company,
Petitioners,**

**v.**

**Larry W. EDWARDS and the Workers'
Compensation Court, Respondents.**

**No. 97,845.**

Court of Civil Appeals of Oklahoma,
Division No. 2.

March 11, 2003.

James B. Cassody, Owen T. Evans, McGivern, Gilliard & Curthoys, Tulsa, for Petitioners.

Craig R. Armstrong, Armstrong & Lowe, Tulsa, for Respondent.

TAYLOR, Presiding Judge.

¶ 1 Petitioners, Triple D Excavation and National American Insurance (collectively, Employer), seek review of an order of the workers' compensation court granting a request by Claimant, Larry Edwards, for a change of physician. The issues concern whether the trial court properly applied the provisions of 85 O.S. Supp 2002 § 14(G). Based on our review of the record, the parties' briefs, and the applicable law, we find that it did, and sustain its order.

¶ 2 Claimant filed his Form 3 claiming injury to his back and neck on August 22, 2001, from a vehicle accident at work. The trial court entered an order in December 2001 requiring Claimant to appear for a medical examination by Dr. Thomas Craven and authorizing Dr. Craven to treat Claimant. The court also requested that Dr. Craven provide specific information concerning Claimant's condition. In February 2002, Dr. Craven signed a Form 5 physician's release indicating Claimant had been given a "full duty release," and that he had reached maximum medical improvement and was "release form active medical care."

¶ 3 In April 2002, Claimant filed a Form 13 and a Form 9 seeking, among other things, appointment of an independent medical examiner and authorization for neurosurgical consultation with one of three doctors, including Dr. Frank Tomacek. Claimant also filed a "Form A," "Application for Accelerated Docket for Change of Physician," pursuant to 85 O.S. Supp. 2002 § 14(G), seeking a change of physician from Dr. Craven to one of the other three doctors. Employer objected, asserting Claimant was not entitled to use the Form A procedure. After hearing argument of counsel, the trial court afforded Employer an opportunity to select one of the three physicians pursuant to § 14(G) without waiving its objection. Employer chose Dr. Tomacek, and the trial court entered an order approving the physician change and appointing Dr. Tomacek to provide such treatment "as may be reasonable and necessary for injury to claimant's neck & low back" at Employer's expense.

¶ 4 Employer appeals, asserting two issues of error. First, Employer contends the trial court's decision was an improper retrospective application of the current version of § 14(G). Second, Employer alleges the order was in error because it effectively appointed a *new* physician rather than a *change* in physician, and thus was outside the applicability of § 14(G). Both issues present questions of statutory construction, an issue of law, and we review the decision of the workers' compensation court *de novo. Arrow Tool & Gauge v. Mead,* 200 OK 86, ¶ 6, 16 P.3d 1120, 1123; *Anderson v. Dep't of Human Serv.,* 1995 OK CIV APP 136, ¶ 9, 916 P.2d 846, 848.

¶ 5 Section 14 of the workers' compensation statutes concerns an injured employee's right to receive, and an employer's obligation to provide, appropriate medical care; delineates certain requirements imposed on attending physicians, including applicable fee and treatment schedules and reporting requirements; and addresses changes in physicians. Employer contends the current version of § 14(G) did not become effective until October 23, 2001, and because Claimant was injured in August 2001, his claim is governed by § 14 as it existed before the October 2001 amendments.

¶ 6 As a general rule, it is true that "statutes are to be applied prospectively only." *Oklahoma Bd. of Med. Licensure & Supervision v. Oklahoma Bd. of Examiners in Optometry,* 1995 OK 13, ¶ 6, 893 P.2d 498, 499. However, the general rule of prospective application does not apply to statutes affecting only procedure—*i.e.,* the manner or mode of protecting or enforcing a substantive right—and statutes which alter or change procedures rather than substantive or vested rights will be given retrospective effect. *Id.*

¶ 7 "A 'vested right' is the power to do certain actions or possess certain things lawfully, and is substantially a property right. It may be created either by common law, by statute or by contract. Once created,

it becomes absolute, and is [constitutionally] protected from legislative invasion." *Oklahoma Water Res. Bd. v. Central Okla. Master Conservancy Dist.,* 1968 OK 73, ¶ 23, 464 P.2d 748, 755. As examples, statutory amendments which the Oklahoma Supreme Court has found constitute substantive alterations to vested rights include amendments altering the potential liability of a party by substantially increasing the damages available for a wrong, *see Sudbury v. Deterding,* 2001 OK 10, 19 P.3d 856; an amendment providing for revival and non-abatement of a workers' compensation award upon the death of the claimant, *see Swatek Construction Co. v. Williams,* 1935 OK 1139, 58 P.2d 585; and a statute conferring extraterritorial jurisdiction on the workers' compensation court to hear a claim for compensation by an Oklahoma worker injured in another state, *see Phillips v. H.A. Marr Grocery Co.,* 1956 OK 104, 295 P.2d 765. However, an enactment which is not "of the substance of [a] right of action," but which is more in the nature of "a directive to the trial court" has been deemed a "mode of procedure" subject to retrospective application. *Benson v. Blair,* 1973 OK 102, ¶ 6, 515 P.2d 1363, 1365 (holding a statute providing for and establishing a rate of pre-judgment interest was procedural in nature and should be applied retrospectively).

¶ 8 Two subsections of the pre-amendment version of § 14 at issue here dealt with changes of physicians. Under § 14(F), the workers' compensation court was to order a change, on application of the employee or employer when, "in [the court's] judgment, such change [was] desirable or necessary." Section 14(G) limited the monetary liability of an employer for medical expenses incurred by an employee who chose a physician for treatment and subsequently changed doctors without prior approval of the workers' compensation court or agreement of the parties. The October 2001 amendments combined and renumbered the two subsections into § 14(G), and clarified that it applied to employees not covered by "certified workplace medical plans," as is the situation in the case at bar.[1] As so amended, § 14(G) provides in relevant part that:

[T]he Court on application of the employee shall order one change of physician .... Any change of physician pursuant to this subsection shall be at the expense of the employer; provided, the employer shall not be liable to make any of the payments provided for in this section, in case of contest of liability, where the Court shall decide that the injury does not come within the provisions of the Workers' Compensation Act. On application of the employee for a change of physician, the Court shall set the matter for hearing within seven (7) days of filing the application. At or before the hearing, the employee shall present to the employer a list of three physicians qualified to treat the employee's injury, and the employer shall choose one of the physicians. The Court shall order that the selected physician be allowed to treat the employee at the expense of the employer....

¶ 9 Employer argues that "substantive rights" are those which affect "the monetary, medical or rehabilitative benefits" conferred by a statute. As such, Employer contends, because § 14(G) allows for awards of medical treatment pursuant to a "Form A order," it "substantially affects the benefits available under the act" and therefore cannot be applied retrospectively.

¶ 10 Employer's argument is flawed, however, in its suggestion that the amended § 14(G) confers a substantive right that an injured worker did not previously have; the argument essentially posits that, prior to the amendments, an injured worker did not have a right to receive medical treatment from a physician of his or her own choosing, or to request a change in physicians, within certain limitations. In fact, these rights have been a basic part of the state's workers' compensation law for many years. *See, e.g., Iwunoh v. Maremont Corp.,* 1984 OK 8, 692 P.2d 548; *Burns v. Southwestern Preferred Prop., Inc.,* 1978 OK 95, 580 P.2d 986; *see also "Historical and Statutory Notes"* accompanying 85 O.S.2001 § 14. Thus, even assuming Employer is correct when it states that medical benefits and treatment constitute substantive rights, we do not find the October 2001

---

1. Employer has stipulated it is not a member of a "certified workplace medical plan."

changes to § 14 substantially affected those rights in any way other than to alter the manner, or the procedure, by which they are enforced. The changes do not impose additional liability for damages, nor do they enlarge or diminish an employer's obligation to provide medical treatment or an employee's right to receive such treatment. As they concern a request for a change of physician, the amendments affect the manner in which the remedy being requested may be obtained and thus are more in the nature of a directive to the workers' compensation court as to how it should proceed. We find the amendments at issue are procedural in nature. We therefore reject Employer's argument that the Form A procedure cannot be used because it is the "retrospective" imposition of a substantive law.

¶ 11 Employer also argues the appointment of Dr. Tomacek was in error because it named a *new* physician rather than a *change* in treating physician, and § 14(G) concerns only changes of physicians, not *new* physicians. This argument is based on Employer's contention that Dr. Craven's release of Claimant to return to work operated to terminate his tenure as Claimant's treating physician, and the subsequent appointment of Dr. Tomacek therefore constituted appointment of a new doctor. Employer refers us to no legal authority or evidence, however, to support its contention that the release of a patient to return to work or from "active medical care" terminates the physician-patient relationship or otherwise ends the doctor's role as a treating physician, particularly when that role has been created by a court order. We are aware of no such authority, and find no practical reason for this result. The record indicates that, despite the filing by Dr. Craven, Claimant has continued to assert injury and pain to his back and neck, and the status of his injury has yet to be adjudicated. Further, as Claimant argues, any grant of a change of a physician request will result in the appointment of a "new" doctor; otherwise, there would be little point in recognizing a party's right to request a change. We therefore reject Employer's argument on this ground as well.

¶ 12 Accordingly, having found the workers' compensation court was correct in its application of § 14(G) herein, its order is sustained.

¶ 13 SUSTAINED.

COLBERT, V.C.J., and STUBBLEFIELD, J., concur.