2005 OK 11

**Howard Lee HILL, Jr., Appellant,**

v.

**Heather Diane BLEVINS, and D.S., Infant, Appellees.**

No. 100,504.

Supreme Court of Oklahoma.

March 1, 2005.

Howard Lee Hill, Jr., Tulsa, OK, pro se appellant.

Kenneth E. Holmes, Grace K. Yates, Holmes and Yates, Ponca City, OK, for appellees.

WINCHESTER, J.

¶1 The issue before us is whether the appellant, Howard Lee Hill, Jr., is barred by the statute of limitations from pursuing his paternity claims against the appellees, Heather Diane Blevins and D.S., an infant. We hold that his two causes, combined in the trial court, are barred by the statute of limitations.

¶2 Appellant filed two petitions in the District Court of Kay County. The first, titled "Petition to Establish Paternity," asks that the court require genetic testing of the parties to determine paternity of D.S., who was born out of wedlock. The second petition, titled "Petition to Vacate and Set Aside Judgment or Order," asks that the court vacate the affidavit declaring David A. Sawyer to be the father of D.S. The court docket sheet reveals the cases were combined on February 13, 2004. The appellees moved to dismiss and the court granted the motions on February 24, 2004. Because the cases were consolidated by the trial court, this Court docketed the cases as one appeal. The Court of Civil Appeals reversed and remanded the cases to the trial court. This Court granted certiorari.

¶3 We will treat the motions to dismiss as motions for summary judgment as the parties presented evidentiary material before the trial court. 12 O.S.Supp.2004, § 2012(B).[1] Although a trial court considers factual matters in its determination of whether summary judgment is appropriate, the ultimate decision involves purely legal determinations, that is, whether a party is entitled to judgment as a matter of law because there are no material disputed factual questions. Since the decision involves purely legal determinations, the appellate standard of review is de novo. All inferences and conclusions to be drawn from the evidentiary materials must be viewed in the light most favorable to the non-moving party. *Carmichael v. Beller*, 1996 OK 48, ¶2, 914 P.2d 1051, 1053.

¶4 The facts are taken from the allegations in the two petitions filed in district court. They allege that Hill and Blevins were living together and were engaged. In December of 1996, they "agreed to conceive a child within the relationship." Around December 25, 1996, Blevins used a home pregnancy test that confirmed conception. Hill alleged that Blevins told friends and family that Hill was the father.

¶5 In February 1997, Blevins moved from Ponca City to Mangum where she received a doctor's care and lived with Hill's father and brother. In mid June of 1997, when she was about six months pregnant, Blevins ended the relationship with Hill and moved back to Ponca City. On September 23, 1997, Blevins gave birth to D.S. in Ponca City.

¶6 At the time of birth, Hill was incarcerated in the Garfield county jail. After D.S. was born, Blevins alleged that David Sawyer was the father.

¶7 Hill asserts he has made numerous unsuccessful attempts to contact Blevins concerning the child. In January 2002, he was referred to the Department of Human Services Child Support Enforcement Division of Kay County to request services for genetic testing. On June 12, 2002, they told him that paternity for the child had already been established. When Hill phoned the DHS Child Support Enforcement Division centralized

---

1. The statute provides in pertinent part: "If, on a motion asserting the defense numbered 6 of this subsection to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment ...." This provision has remained unchanged since enacted in 1984.

support registry in Oklahoma City, he learned paternity of D.S. was established by an affidavit signed by Blevins and declaring another man to be the father of D.S.

¶ 8 Title 63 O.S.2001, § 1–311(D)(2) requires that if the mother is not married at the time of conception and birth, the name of the father shall be entered on the certificate of birth only if a determination of paternity has been made by an administrative action through the Department of Human Services or a court of competent jurisdiction, or if the mother and father have signed an affidavit acknowledging paternity and filed with the State Registrar of Vital Statistics. A statement acknowledging paternity has the same legal effect as an order of paternity entered in a court or administrative proceeding. 10 O.S.2004, § 70(B)(1) [2]

■ ¶ 9 In *Matter of C.J.S.*, 1995 OK 70, 903 P.2d 304, the appellant, claiming to be the biological father of the children being adopted, sought to vacate the adoption based on fraud and lack of notice. *Matter of C.J.S.* is similar to the case before this Court because both establish the legal parentage of the children involved and both allege fraud and a lack of notice by one claiming to be the natural father. In *Matter of C.J.S.* the Court held that a stranger to the judgment roll of an adoption proceeding may bring an action to vacate the adoption decree if he or she possesses an interest entitled to legal protection that is impaired by the decree. *Matter of C.J.S.*, 1995 OK 70, ¶ 10, 903 P.2d at 306. Hill may move for vacation of the statement acknowledging paternity, which is treated as a legal order, because he also claims to be the father of D.S.

¶ 10 Because a statement acknowledging paternity has the same legal effect as an order entered in a court, the district court has the power to vacate such an order for fraud practiced by the successful party. 12 O.S.2001, § 1031(4).[3] In his Petition to Vacate and Set Aside Judgment or Order, Hill requests that the district court vacate the order in the form of the affidavit acknowledging paternity declaring David A. Sawyer to be the father of D.S. The ground for vacation of the order is 12 O.S.2001, § 1031(4). Section 1038 [4] is a general statute of limitation applicable to proceedings brought under § 1031. With regards to subsection 4, where the complaining party alleges that an order has been obtained by fraud, proceedings to vacate that order must be commenced within two years after the order was made. The complaining party need not have actual notice of the fraud. Constructive notice of fraud from public records, required by law to be kept, is sufficient to set the statute of limitations in motion. *Gearhart Industries, Inc. v. Grayfox Operating Co.*, 1992 OK CIV APP 44, ¶ 5, 829 P.2d 1005, 1006.[5]

> "Where the means of discovering fraud are in the hands of the party defrauded and the defrauding party has not covered up his fraud to the extent that it would be difficult or impossible to discover, the party defrauded will be deemed to have had notice of the fraud from the date the means of discovering such fraud came into his hands, and the fraud will be deemed to have been discovered upon that date."

*Smith v. Kimsey*, 1943 OK 121, ¶ 5, 138 P.2d 94, 94–95.[6]

■ ¶ 11 Hill is chargeable with knowledge that a positive pregnancy test adminis-

---

**2.** 2002, Okla. Sess. Laws, ch. 314, § 1, eff. November 1, 2002.

**3.** Title 12 O.S.2001, § 1031(4) provides: "The district court shall have power to vacate or modify its own judgments or orders within the times prescribed hereafter: ... (4) For fraud, practiced by the successful party, in obtaining a judgment or order ...."

**4.** Title 12 O.S.2001, § 1038 provides in pertinent part: "Proceedings to vacate or modify a judgment, decree or order, for the causes mentioned

in paragraphs 4, 5 and 7 of Section 1031 of this title must be commenced within two (2) years after the filing of the judgment, decree or order, unless the party entitled thereto be an infant, or a person of unsound mind and then within two (2) years after removal of such disability ...."

**5.** Citing *Matthewson v. Hilton*, 321 P.2d 396, 397 (Okla.1958) and *In re Woodward*, 549 P.2d 1207 (Okla.1976).

**6.** Citing *Bankers' Mtg. Co. v. Leisure*, 172 Okla. 170, 42 P.2d 863.

tered on December 25, 1996, is likely to be followed by the birth of a child approximately forty weeks later, that is, around September 30, 1997. D.S. was born September 23, 1997. Instead of making inquiry about the birth, the issuance of a birth certificate, or matters of support and visitation, Hill waited until the child was almost six years old before he filed suit. The means of discovery of the alleged fraud were no less available to Hill in the fall of 1997 than they were five years later in June of 2002. So, even if Blevins' naming of Sawyer as the father was false, means of discovering the alleged fraud were readily available to Hill any time from and after the issuance of the birth certificate on October 17, 1997, expiring two years later in October of 1999. This suit, filed nearly four years subsequent, July 2003, was correctly found to be time-barred by the trial court.

¶ 12 The significance of the biological connection of a father to a child is that it gives the father an opportunity to develop a relationship with the child. A trial judge or a litigant is not required to give special notice to a nonparty who is presumptively capable of asserting and protecting his own rights. *Matter of C.J.S.*, 1995 OK 70, ¶¶ 16, 17, 903 P.2d at 307–308.

¶ 13 In this appeal Hill filed a motion to strike two documents filed in the district court before judgment was pronounced. This asserted error is not preserved in Hill's Amended Petition in Error. It is therefore waived. *Marshall v. Fenton, Fenton, Smith, Reneau and Moon, P.C.*, 1995 OK 66, ¶ 5, n. 3, 899 P.2d 621, 623, n. 3.

¶ 14 Hill also filed a motion for recovery of costs in the amount of $200.00 against the appellees. The ultimate outcome of this appeal is that the trial court's judgment is affirmed. "Where the trial court's rulings challenged on appeal by appellant have been affirmed he is not entitled to recover any of his costs associated with this appeal from appellee." *Jackson v. Jackson*, 2002 OK 25, ¶ 22, 45 P.3d 418, 429.

CERTIORARI PREVIOUSLY GRANTED; OPINION OF THE COURT OF CIVIL APPEALS VACATED; JUDGMENT OF THE DISTRICT COURT AFFIRMED.

CONCUR: WATT, C.J., LAVENDER, HARGRAVE, KAUGER, EDMONDSON, TAYLOR, COLBERT, JJ.

DISSENTS: OPALA, J.