Dear Senator Aldridge
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 Do Certificates of Non-Coverage issued by the Commissioner of Labor prior to July 1, 2005, remain valid until their date of expiration even though the statute authorizing such cards has been repealed effective July 1, 2005?[1]
 Background
¶ 1 Oklahoma employers are required to carry workers' compensation insurance, or in some circumstances, successfully demonstrate to the Administrator of the Workers' Compensation Court their financial ability to compensate employees who are injured on the job. 85 O.S. 2001, § 61[85-61](A). Employers who do not carry insurance are subject to civil and criminal penalties. 85 O.S. 2001, §§ 63.1[85-63.1](A), 63.3(A). Some categories of workers, including independent contractors and sole proprietors, are not considered employees for purposes of the Workers' Compensation Act. 2005 Okla. Sess. Laws 1st Ex. Sess. ch. 1, § 9(9) (amending 85 O.S. Supp. 2004, § 3[85-3](8)). As a result, employers are not required to carry insurance for those persons, nor are such persons required to carry workers' compensation insurance on themselves.
¶ 2 Senate Bill 1X of the 1st Extraordinary Session of the 50th Legislature repealed 40 O.S. 2001, §§ 415.1[40-415.1] and 415.2 effective July 1, 2005. 2005 Okla. Sess. Laws 1st Ex. Sess. ch. 1, §§ 34, 35. Section 415.1(A) authorizes the Commissioner of Labor to issue a Certificate of Non-Coverage to those persons who work in a capacity other than as an "employee" as that term is defined in the Workers' Compensation Act at Section 3 of Title 85. Application for the certificate requires a non-refundable fee of no more than ten dollars for a one-year certificate and twenty dollars for a two-year certificate. 40 O.S. 2001, § 415.1[40-415.1](A). Issuance of the certificate establishes "a rebuttable presumption that the [holder] is not an employee for purposes of the Workers' Compensation Act." Id. § 415.1(B).[2]
¶ 3 As a result, beginning July 1, 2005, the Commissioner will no longer be authorized to issue Certificates of Non-Coverage. The issue raised in your question is whether the repeal of Section 415.1 of Title 40 renders void those certificates that were issued prior to July 1, 2005 and do not expire until after July 1, 2005.
 A New Law Applies Prospectively Absent Express Legislative Intent That it Apply Retroactively
¶ 4 A basic rule of statutory construction is to determine legislative intent and to find that intent in the language of a statute. City of Durant v. Cicio, 50 P.3d 218, 221 (Okla. 2002). In addition, it is presumed that statutes are not given retroactive effect unless the Legislature has made its intent to do so clear. "New legislation operates prospectively only `unless the Legislature clearly expresses a contrary intent. If doubt exists, it must be resolved against a retroactive effect.'"Crawford v. Guardian Life Ins. Co., 954 P.2d 1235, 1238 (Okla. 1998) (quoting Forest Oil Corp. v. Corp. Comm'n, 807 P.2d 774,781 (Okla. 1990)). In repealing 40 O.S. 2001, § 415.1[40-415.1], the Legislature provided no language expressing its intent that the repeal apply retroactively.
¶ 5 Evidence that the Legislature did not intend that the repeal apply retroactively can also be found in its failure to repeal a related statute, 85 O.S. 2001, § 11[85-11],[3] which allows an independent contractor or principal employer to rely in good faith upon the certificates as proof that a subcontractor is exempt from workers' compensation. Id. § 11(A)(1), (2).
¶ 6 Therefore, the lack of legislative language applying the repeal of Section 415.1 retroactively, and the retention of 85 O.S. 2001, § 11[85-11], evinces legislative intent that certificates issued prior to July 1, 2005, remain valid until their original date of expiration.
 An Accrued Right Cannot Be Extinguished By Repeal of a Statute
¶ 7 Article V, Section 54, of the Oklahoma Constitution provides that the repeal of a statute shall not affect "any accrued right, or penalty incurred, or proceedings begun by virtue of such repealed statute." Id. "A `vested right' is the power to do certain actions or possess certain things lawfully, and is substantially a property right. It may be created either by common law, by statute or by contract. Once created, it becomes absolute, and is [constitutionally] protected from legislative invasion." Okla. Water Res. Bd. v. Cent. Okla.Master Conservancy Dist., 464 P.2d 748, 755 (Okla. 1968).
¶ 8 Both the holder of a Certificate of Non-Coverage and a principal employer who relies in good faith on the certificate have accrued rights in the certificates. The certificate creates a rebuttable presumption that the holder of the certificate is not an employee. The employer who relies in good faith on the certificate as proof of the holder's status as a non-employee enjoys limited protection from liability. The certificate affects the worker and the employer's exposure to liability. The Oklahoma Supreme Court found that statutory amendments "altering the potential liability of a party by substantially increasing the damages available for a wrong" constituted a substantial alteration to vested rights. Triple D Excavation v. Edwards,70 P.3d 884, 886 (Okla.Ct.App. 2003) (citing Sudbury v.Deterding, 19 P.3d 856, 860 (Okla. 2001)). Such amendments could not be applied retroactively. Sudbury, 19 P.3d at 860. As a result, the repeal of 40 O.S. 2001, § 415.1[40-415.1] cannot be applied retroactively because to do so would divest employers relying on the certificates, and workers holding the certificates, of accrued rights in violation of Article V, Section 54 of the Oklahoma Constitution.[4]
 ¶ 9 It is, therefore, the Official Opinion of the AttorneyGeneral that:
 Certificates of Non-Coverage issued by the Commissioner of Labor pursuant to 40 O.S. 2001, § 415.1[40-415.1] prior to July 1, 2005, were not voided by the repeal of Section 415.1 in Senate Bill 1X of the 1st Extraordinary Session of the 50th Legislature. See 2005 Okla. Sess. Laws 1st Ex. Sess. ch. 1, §§ 34, 35. The certificates remain valid, and any associated accrued rights remain in effect, until the certificates' original date of expiration.
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 GRANT E. MOAK Assistant Attorney General
[1] See 2005 Okla. Sess. Laws 1st Ex. Sess. ch. 1, §§ 34, 35.
[2] Section 415.2, also repealed by Senate Bill 1X, provides for civil penalties for employers who willfully and knowingly require an employee or subcontractor who is not eligible for a certificate of non-coverage to apply for one.
[3] At least one division of the Court of Civil Appeals has held 85 O.S. 2001, § 11[85-11](B)(2) unconstitutional to the extent it allows a principal employer to escape liability by relying in good faith on a certificate of non-coverage even though the worker was in fact an employee for purposes of the workers' compensation. See, e.g., Sloan v. Ringwald, 940 P.2d 234
(Okla.Ct.App. 1996). This holding does not affect our analysis in this Opinion.
[4] The holder's substantive right in the certificate is further evidenced by the fact that the certificate, once issued, can only be revoked, suspended or its renewal denied in accordance with the requirements of the Oklahoma Administrative Procedures Act (75 O.S. 2001, §§ 308a-323[75-308a-323]) pursuant to OAC380:60-1-7(l).