2010 OK CIV APP 80

Brittney Anne SPROWLES,
Petitioner/Interested
Party,

v.

Timothy Chad THOMPSON,
Respondent/Appellant,

and

State of Oklahoma Department of Human Services—Child Support Services, Appellee/Interested Party.

No. 107,017.

Court of Civil Appeals of Oklahoma,
Division No. 4.

July 9, 2010.

Blaine Frierson, Broken Arrow, OK, for Petitioner/Interested Party.

Timothy Chad Thompson, Tulsa, OK, Appellant pro se.

Elizabeth S. Wilson, State of Oklahoma, Department of Human Services—Child Support Services, Tulsa, OK, for Appellee/Interested Party.

JERRY L. GOODMAN, Judge.

¶ 1 Timothy Chad Thompson (Thompson) appeals the trial court's April 2, 2009, order which: 1) dismissed his motion to set aside child support orders, eliminate arrearage, rescind acknowledgement of paternity, and remove his name from the minor child's birth certificate; and 2) granted the motion to dismiss filed by the Oklahoma Department of Human Services—Child Support Services (DHS). Based upon our review of the facts

and applicable law, we reverse and remand for further proceedings.

## FACTS

¶ 2 Thompson and Brittney Anne Sprowles (Sprowles) dated and lived together in 2004. They briefly ended their relationship in January of 2005 and Sprowles, unbeknownst to Thompson, had sexual relations with another man. Thompson and Sprowles resumed their relationship and Sprowles learned she was pregnant in February of 2005. On October 29, 2005, Sprowles gave birth to the minor child, TCT. Sprowles represented to Thompson and others that he was the father. On October 30, 2005, Thompson and Sprowles signed a birth certificate and Affidavit Acknowledging Paternity (Acknowledgment).

¶ 3 On January 27, 2006, Sprowles filed a petition for paternity. A temporary order was filed on March 14, 2006, setting Thompson's child support at $270.60 per month. The parties resided together until August of 2006, when Thompson contends he realized TCT was not his child. Thompson asserted that after TCT's birth, he slowly realized TCT was not his child because he became increasingly "dark hued or toned" and both he and Sprowles are Caucasian. Sprowles further purportedly admitted to Thompson she had been with another man and that TCT could be the other man's child.

¶ 4 On June 9, 2008, Thompson filed a motion to set aside child support orders, to eliminate all arrearage, and to remove his name as father from TCT's birth certificate ("challenge"). Thompson asserted Sprowles, through deceit, concealment of material facts, and false representations, asserted TCT was his child and that based on these representations, he mistakenly signed the birth certificate and Acknowledgement.

¶ 5 DHS filed a motion to dismiss Thompson's challenge, asserting Thompson was the "acknowledged father" pursuant to the Uniform Parentage Act, 10 O.S. Supp.2006, § 7700–101 et seq. and his challenge was therefore time-barred.

¶ 6 Sprowles responded to Thompson's challenge, asserting he was TCT's father, "however despite him being the father [mother] would consent to [Thompson's] Motion to Vacate as to Child Support and Paternity . . .".

¶ 7 After additional briefing by the parties, the trial court entered an order on April 2, 2009, granting DHS' motion to dismiss and dismissing Thompson's challenge. Thompson appeals.

## STANDARD OF REVIEW

¶ 8 Because the parties presented evidentiary material to the trial court, DHS' motion to dismiss is properly treated as a motion for summary judgment. *See* 12 O.S.2001 and Supp.2004, § 2012(B). Although a trial court considers factual matters in its determination of whether summary judgment is appropriate, the ultimate decision involves a purely legal determination, *i.e.*, whether a party is entitled to judgment as a matter of law because there are no disputed material factual questions. *Hill v. Blevins*, 2005 OK 11, ¶ 3, 109 P.3d 332, 333. This involves a purely legal determination; the appellate standard of review is *de novo*. *Id.* All inferences and conclusions to be drawn from the evidentiary materials must be viewed in the light most favorable to the non-moving party. *Id.*, (citing *Carmichael v. Beller*, 1996 OK 48, ¶ 2, 914 P.2d 1051, 1053).

## ANALYSIS

¶ 9 Oklahoma enacted the Oklahoma Uniform Parentage Act (UPA), 10 O.S. Supp. 2006, § 7700–101 et seq., on November 1, 2006. Pursuant to 10 O.S. Supp.2006, § 7700–902, "[a] proceeding to adjudicate parentage or an acknowledgment of paternity which was commenced or executed before November 1, 2006, is governed by the [UPA]." The Legislature has expressed its intent the UPA govern those proceedings and acknowledgments commenced or executed both prior and after its enactment. See *TXO Prod. Corp. v. Oklahoma Corp. Comm'n*, 1992 OK 39, ¶ 7, 829 P.2d 964, 969 ("It is presumed that the legislature has expressed its intent in a statute and that it intended what it so expressed.").

¶ 10 Title 10 O.S. Supp.2006, § 7700–102 provides an "acknowledged father" is a man who has established a father-child relationship by signing an acknowledgment of paternity. Thompson signed an acknowledgment acknowledging paternity on October 30, 2005, and is therefore an "acknowledged father" under the UPA. An acknowledgment establishes fatherhood in the same manner as an adjudication by the court and confers upon the father all the rights and duties of a parent. *See* 10 O.S. Supp.2006, § 7700–305.

¶ 11 The UPA provides two (2) ways to avoid an acknowledgement, by rescission and by challenge. *See* 10 O.S. Supp.2006, § 7700–307 and § 7700–308. Section 7700–307 provides a signatory has sixty (60) days to sign a rescission of acknowledgment of paternity after the effective date of the acknowledgment. Thompson did not sign a rescission. To proceed by challenge, § 7700–308 provides:

A. After the period for rescission ... has expired, a signatory of an acknowledgment of paternity or denial of paternity may commence a proceeding to challenge the acknowledgment or denial only:

1. On the basis of fraud, duress, or material mistake of fact; and

2. Within two (2) years after the acknowledgment or denial is executed.

¶ 12 On appeal, Thompson contends the trial court violated his due process rights by retroactively applying § 7700–308, which is a statute of repose. DHS disagrees, asserting the court correctly applied the time bar in § 7700–308, as a statute of limitation, retroactively to Thompson's challenge.

■■■ ¶ 13 Oklahoma recognizes two (2) categories of statutory time bars. "If the time period operates to bar the right to a cause of action, the statute falls into the substantive-law category and is referred to as a statute of repose." *Consolidated Grain & Barge Co. v. Structural Sys.*, 2009 OK 14, ¶ 8, 212 P.3d 1168, 1171 (citing *Reynolds v. Porter*, 1988 OK 88, 760 P.2d 816). A statute of repose operates upon the substantive right to recover and will extinguish the right even if it has not accrued. *Consolidated Grain*, 2009 OK 14, at ¶ 10, 212 P.3d at 1172, (citing

*Smith*, 1987 OK 3, at ¶ 6 fn. 11, 732 P.2d at 469 fn. 11). "If the time period operates to bar the right to maintain the cause of action or remedy, the statute falls into the procedural-law category and is referred to as a statute of limitation." *Consolidated Grain*, 2009 OK 14, at ¶ 8, 212 P.3d at 1171. A statute of limitation operates procedurally to bar the remedy after the substantive right has occurred. *Id.* at ¶ 9, 212 P.3d at 1171.

[A] statute of limitation serves to place a limit on the plaintiff's time to bring an action. After the prescribed time period has lapsed, a statute of limitation serves to extinguish the remedy for the redress of an accrued cause of action. A statute of repose, by way of contrast, restricts potential liability by limiting the time during which a cause of action can arise. It thus serves to bar a cause of action before it accrues. In a practical sense, a statute of limitation implicitly seeks to punish those who sleep on their rights, while the statute of repose operates to bar some plaintiffs recovery, no matter how diligent they may have been in asserting their claims ...

*Kirby v. Jean's Plumbing Heat & Air*, 2009 OK 65, ¶ 10 fn. 22, 222 P.3d 21, 26 fn. 22 (citing *Smith*, 1987 OK 3, ¶ 6 fn. 11, 732 P.2d 466, 468 fn. 11). *See e.g.*, 12 O.S.2001, § 109 (a limitation period held to be a statute of repose); 60 O.S.2001 and Supp.2003, § 837 (a limitation period held to be a statute of repose).

■■■ ¶ 14 We find § 7700–308 is a statute of repose. It operates to cut off the right to challenge an acknowledgement of paternity two (2) years after the acknowledgement was signed, regardless of whether the cause of action has accrued, *i.e.*, whether the individual has discovered the fraud, duress, or misrepresentation.

■■■ ¶ 15 We further find the trial court erred in applying § 7700–308 retroactively in this case. The UPA introduces not only procedural changes, but also substantive changes to a paternity action. As a general rule, statutes are to be applied prospectively only unless the Legislature clearly expresses a contrary intent. See *Oklahoma Bd. of Med. Licensure & Supervision v. Oklahoma Bd. of Examiners in Optometry*, 1995 OK 13,

893 P.2d 498; *Forest Oil Corp. v. Corporation Comm'n. of Oklahoma,* 1990 OK 58, 807 P.2d 774. The general rule, however, is not applicable to statutes affecting only procedure because no one has a vested right in any particular procedure. *Id.* An "enactment which is not of the substance of a right of action, but which is more in the nature of a directive to the trial court has been deemed a mode of procedure subject to retrospective application." *Triple D. Excavation v. Edwards,* 2003 OK CIV APP 38, ¶ 7, 70 P.3d 884, 886 (citing *Benson v. Blair,* 1973 OK 102, ¶ 6, 515 P.2d 1363, 1365). Statutes of limitations are viewed as procedural rather than of a substantive-law nature and are generally retroactively applied. See *Cole v. Silverado Foods, Inc.,* 2003 OK 81, 78 P.3d 542; *Trinity Broadcasting Corp. v. Leeco Oil Co.,* 1984 OK 80, 692 P.2d 1364. A statute of repose, however, falls into the substantive-law category and is not retroactively applied. *Consolidated Grain,* 2009 OK 14, at ¶ 8, 212 P.3d at 1171 (citing *Reynolds,* 1988 OK 88, 760 P.2d 816).

▆▆ ¶ 16 Although the Legislature specially stated "a proceeding to adjudicate parentage or an acknowledgment of paternity which was commenced or executed before November 1, 2006, is governed by the [UPA]," we find § 7700–308 is a statute of repose affecting Thompson's substantive-law rights. As a result, it is not subject to retroactive application in this case. Compare *Sudbury v. Deterding,* 2001 OK 10, 19 P.3d 856 (finding a statutory amendment to be substantive and refusing to apply it retroactively because it significantly increased a defendant's potential damages from three (3) to five (5) times actual damages); *Benson v. Blair,* 1973 OK 102, 515 P.2d 1363 (holding a statute providing for and establishing a rate of pre-judgment interest was procedural in nature and should be applied retrospectively). Therefore, the trial court erred in granting DHS' motion to dismiss on the basis of 10 O.S. Supp.2006, § 7700–308.

▆▆ ¶ 17 DHS asserts however, and the trial court held, Thompson's challenge was also time barred under pre-UPA law. Prior to the adoption of the UPA, 10 O.S.2001 and Supp.2002, § 70 permitted a presumed father

to challenge a voluntary acknowledgment of paternity on the basis of fraud, duress, or material mistake of fact at any time. Section 70 did not contain a time limitation. Section 70 provided, in relevant part:

> [A]fter the sixty-day period referred to in division (1) of this subparagraph, a signed voluntary acknowledgment of paternity may be challenged in court only on the basis of fraud, duress, or material mistake of fact, with the burden of proof upon the challenger.

(Repealed by Laws 2006, HB 2967, c. 116, § 62, eff. November 1, 2006).

¶ 18 In reaching its decision, the trial court cited *Hill v. Blevins,* 2005 OK 11, 109 P.3d 332. In *Hill,* Hill and Blevins were living together and agreed to conceive a child. They ended their relationship prior to the child's birth. Blevins moved and Hill became incarcerated. Blevins gave birth to the child in September of 1997, thereafter alleging another man was the father. Blevins apparently signed an affidavit of acknowledgment declaring the other man as the father.

¶ 19 In 2002, Hill learned paternity of the minor child had been established in another man pursuant to the acknowledgment. Hill filed two (2) petitions, one (1) seeking to establish paternity and the other to vacate and set aside the order for fraud, *i.e.* to vacate the affidavit of acknowledgment declaring the other man to be the minor child's father. The trial court granted Blevins and DHS' motion to dismiss, which the Court of Civil Appeals reversed. On certiorari, the Oklahoma Supreme Court vacated the Court of Civil Appeals' decision and affirmed the trial court's decision.

¶ 20 The Supreme Court noted initially that because a statement acknowledging paternity has the same legal effect as an order entered into court, a trial court has the power to vacate the order for fraud. *Id.* at ¶ 10, 109 P.3d at 335. The ground for vacation is 12 O.S.2001, § 1031(4). *Id.* Title 12 O.S.2001, § 1038 is a general statute of limitations applicable to proceedings brought pursuant to § 1031. Thus, "[w]ith regards to subsection 4, where the complaining party alleges that an order has been obtained by fraud,

proceedings to vacate that order must be commenced within two years after the order was made." *Id.* Therefore, the Court held Hill was barred from pursuing his paternity claim by the general statute of limitations.

¶ 21 We find *Hill* distinguishable. Although *Hill* involved a paternity issue, the Oklahoma Supreme Court did not cite or otherwise apply § 70 in reaching its decision. However, in the present case, the applicable law in effect at the time Thompson executed the Acknowledgment was § 70. Section 70 is clearly applicable when an acknowledging father seeks to rescind or challenge the acknowledgment he signed on the basis of fraud, duress, or material mistake of fact. It is a well-settled rule of statutory construction that where a matter is addressed by two statutes, one specific and one general, the specific statute controls. *In re C.R.T.*, 2003 OK CIV APP 29, ¶ 31, 66 P.3d 1004, 1011 (*Hall v. Globe Life and Acc. Ins. Co. of Okla.*, 1999 OK 89, 998 P.2d 603). Accordingly, the specific provisions of § 70 control over the more general provisions contained in §§ 1031 and 1038. See also *Dept. of Human Serv. v. Chisum*, 2004 OK CIV APP 20, 85 P.3d 860. Therefore, the trial court erred in holding Thompson's challenge was time barred by pre-UPA law.

¶ 22 Because of our resolution of these issues, we need not address the remaining assertions of error on appeal. The trial court's order is reversed and the matter remanded to the trial court for further proceedings consistent with this opinion.

¶ 23 **REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.**

GABBARD, P.J., concurs; RAPP, J., not participating.