2017 OK CIV APP 43

Wrangler J. GEE, Petitioner/Appellant,

v.

Jeffrey A. BELAIR and April D. Belair,
Respondents/Appellees.

Case No. 115,197

Court of Civil Appeals of Oklahoma,
Division No. 2.

Decided: 08/16/2017

Mandate Issued: 09/20/2017

C. Scott Loftis, Ponca City, Oklahoma, for Petitioner/Appellant

Grace K. Yates, HOLMES AND YATES LAW, PLLC, Ponca City, Oklahoma, for Respondents/Appellees

OPINION BY KEITH RAPP, JUDGE:

¶1 The plaintiff, Wrangler J. Gee (Gee), appeals an Order dismissing his action against the defendants, Jeffrey A. Belair and April D. Belair (collectively, Belairs).

1. The statute reads as follows:

A. 1. Prior to the filing of a petition for adoption, a child-placing agency, attorney, or prospective adoptive parent to whom a parent having legal custody has executed a consent to adoption or has permanently relinquished a minor born out of wedlock may file a petition for the termination of the parental rights of a putative father or a parent of the child. The petition shall be filed with the district court of the county in which the relinquishment was executed or in the county in which the putative father, a parent, the petitioner, or the minor resides at the time of the filing of the petition.

2. The affidavit of expenses required by subsection A of Section 7505-3.2 of this title is not required to be attached to a petition filed pursuant to this section, nor must it be filed prior to issuance of an order terminating parental rights entered in a proceeding brought under this section.

B. 1. Notice of the hearing on the petition to terminate parental rights and a copy of the petition shall be served upon such putative father or a parent in the same manner as summons is served in civil cases, not less than fifteen (15) days prior to the hearing.

2. The notice shall contain the name of the putative father or parent, or if unknown, the name of the minor, the date of birth of the minor, the date of the hearing, and the ground or grounds for which termination of parental rights is sought. The notice shall apprise the putative father or parent of his or her legal rights and shall include a clear statement that failure to appear at the hearing shall constitute a denial of interest in the minor which denial may result, without further notice of this proceeding or any subsequent proceeding, in the termination of his or her parental rights and the transfer of the care, custody or guardianship of the minor or in the adoption of the minor.

3. If the identity or whereabouts of a putative father or parent is unknown, the court

## BACKGROUND

¶2 On September 21, 2014, Chlöe Rose (Rose) gave birth to R.B. On February 18, 2015, Belairs finalized their adoption of R.B.

¶3 On November 30, 2015, Gee filed this action. He sought to establish that he was the biological father of R.B. He alleged that Rose did not inform him that he was the father and that she specifically told him he was not the father. He further alleged that he was not given notice of the adoption and that 10 O.S.2011, § 7505-2.1 was not followed, but the petition did not allege any specifics.[1]

¶4 Belairs filed a special appearance and motion to dismiss. In their motion, Belairs must determine whether the putative father or parent can be identified or located. Following an inquiry pursuant to Section 7505-4.3 of this title, if the court finds that the identity or whereabouts of the putative father or parent cannot be ascertained, and this fact is attested to by affidavit of the consenting or permanently relinquishing person or the legal custodian or guardian of the child, it shall order that notice be given by publication and, if the identity is known, that a copy be mailed to the last-known address of the putative father or parent. The notice shall be published once pursuant to the laws relating to service of notice by publication, in the county in which the action to terminate parental rights is brought, and the hearing shall not be held for at least fifteen (15) days after publication of the notice. When notice is given by publication, the order terminating parental rights shall not become final for a period of fifteen (15) days from the date of the order.

4. A putative father or parent may waive the right to notice pursuant to this section. The waiver shall be in writing and shall include a statement affirming that the person signing the waiver understands that the waiver shall constitute grounds for the termination of the parental rights of such person pursuant to the provisions of this section and Section 7505-4.2 of this title. A putative father or legal or biological father may also waive his right to notice pursuant to this section, by signing an extrajudicial consent pursuant to Section 7503-2.6 of this title, or by waiving notice on a form filed with the Paternity Registry of the Department of Human Services, or by failing to register with the Paternity Registry of the Department of Human Services after receiving a Notice of Plan for Adoption pursuant to Section 7503-3.1 of this title.

C. When a putative father or parent appears at the hearing and desires counsel but is indigent and cannot for that reason employ counsel, the court shall appoint counsel. In all counties having county indigent defenders, the

county indigent defenders shall assume the duties of the representation in such proceedings.

D. At the hearing on the petition to terminate parental rights brought pursuant to this section, the court may, if it is in the best interest of the minor:

1. Accept a permanent relinquishment or consent to adoption executed by the putative father or parent of the minor pursuant to Sections 7503-2.1, 7503-2.3 and 7503-2.4 of this title; or

2. Terminate any parental rights which the putative father or parent may have upon any of the grounds provided in Section 7505-4.2 of this title for declaring a consent unnecessary.

E. 1. If the court at the hearing determines that the putative father is the biological father of the minor, that the adoption requires the consent of the putative father, that the putative father will not consent, and the court does not terminate the parental rights of the putative father or does not terminate the rights of the other parents, then the court shall schedule a separate hearing to issue an appropriate order for the legal and physical custody of the minor according to the best interests of the minor, if the court has jurisdiction to issue a custody order. Provided, no such hearing shall be scheduled if a preexisting custody order remains in effect.

2. The court shall certify that the child-placing agency or the attorney who filed the petition to terminate parental rights, the putative father, the parent, and any prospective adoptive parents have received notice of the date of the custody hearing at least fifteen (15) days prior to the date of the hearing. A parent having legal custody who has signed a consent or permanent relinquishment must be served with notice of the date of the custody hearing, by the party who filed the petition for termination, in the same manner as summons is served in civil cases at least fifteen (15) days prior to the date of the hearing.

3. Upon motion to intervene, the court shall join any person or entity entitled to notice under paragraph 2 of this subsection who is not already a party to the proceeding.

4. At the hearing, the court may award custody to the biological mother, the biological father, the biological parents, if they are married, a parent, the prospective adoptive parent, or the Department of Human Services or other licensed child-placing agency, if the Department or agency had legal custody when the petition was filed, according to Section 21.1 of this title, in the best interests of the child.

5. The child shall be represented at this hearing by an attorney pursuant to Section 7505-1.2 of this title.

F. The court shall terminate the rights of a putative father or parent if the person fails to appear at the hearing on the petition to terminate parental rights or if a waiver of notice pursuant to paragraph 4 of subsection B of this section has been filed with the court.

G. No order of the court shall be vacated, set aside, or annulled upon the application of any person who was properly served with notice in accordance with this section but failed to appear unless the applicant can establish by clear and convincing evidence that such failure to appear was due to unavoidable circumstances. Such application must be filed within ten (10) days of the date of the hearing at which the applicant failed to appear. No order of the court shall be vacated, set aside, or annulled upon the application of any person who waived notice pursuant to paragraph 4 of subsection B of this section.

H. A proceeding pursuant to this section for termination of parental rights shall be heard by the court without a jury.

I. An appeal may be taken from any final order, judgment, or decree rendered pursuant to this section to the Supreme Court by any person aggrieved thereby, in the manner provided for appeals from the court as provided in this subsection.

1. In an appeal concerning the termination of parental rights pursuant to this section, the designation of record by the appellant shall be filed in the trial court within ten (10) days after the date of the judgment. The counter designation of record by the appellee shall be filed in the trial court ten (10) days after designation of record by the appellant is filed in the trial court.

2. All appeals of cases concerning the termination of parental rights pursuant to this section shall be initiated by filing a petition in error in the Supreme Court within thirty (30) days of the filing of the order, judgment, or decree appealed from. The record on appeal shall be completed within thirty (30) days from the filing of the petition in error. Any response to the petition in error shall be filed within twenty (20) days from the filing of the petition in error.

3. The briefing schedule is established as follows:

a. the brief in chief of the appellant shall be filed twenty (20) days after the trial court clerk notifies all parties that the record is complete and such notice has been filed in the office of the Clerk of the Supreme Court,

b. an answer brief of the appellee shall be filed fifteen (15) days after the brief in chief of the appellant is filed, and

c. a reply brief of the appellant may be filed within ten (10) days after the answer brief of the appellee is filed.

J. The pendency of an appeal shall not suspend the order of the district court regarding a minor, nor shall it remove the minor from the custody of that court or of the person, institution, or agency to whose care such minor has been committed, unless the Supreme Court shall so order.

K. Any appeal when docketed should have priority over all cases pending on said docket. Adjudication of the appeals and in any other proceedings concerning the relinquishment of

relied upon three time limitation periods. First, they alleged that Gee's parental rights were terminated and the time to appeal from the termination order expired. Second, the time to appeal a decree of adoption expired. Last, they rely upon the provisions of 10 O.S.2011, § 7505-7.2. This statute provides:

A. Except as otherwise provided by paragraph 3 of subsection B of Section 7503-2.7 of this title:[2]

1. When an interlocutory or final decree of adoption has been rendered, a decree terminating parental rights cannot be challenged on any ground, either by a direct or a collateral attack, more than three (3) months after its rendition. The minority of the natural parent shall not operate to prevent this time limit from running; and

2. No adoption may be challenged on any ground either by a direct or collateral attack more than three (3) months after the entry of the final adoption decree regardless of whether the decree is void or voidable, and the minority or incompetence of the natural parent shall not operate to prevent this time limit from running.

B. In any challenge on any ground either by a direct or collateral attack, the court shall not enter a decision which is contrary to the best interests of the adopted minor.

¶5 The trial court focused upon the three month provision. Gee argued that the time period was tolled and did not commence until he discovered the fraud allegedly perpetrated by Rose. In their response, Belairs argued that the discovery rule did not apply according to the statute and any authority preceding the enactment of the statute no longer constituted authority due to the fact that the statute amended prior statutory law.

¶6 The trial court agreed with Belairs and dismissed the action. Gee appeals.

## STANDARD OF REVIEW

■■■ ¶7 Matters involving legislative intent present questions of law which are examined independently and without deference to the trial court's ruling. *Heffron v. District Court of Oklahoma County*, 2003 OK 75, ¶15, 77 P.3d 1069, 1076. The appellate court has the plenary, independent, and nondeferential authority to reexamine a trial court's legal rulings. *Neil Acquisition, L.L.C. v. Wingrod Investment Corp.*, 1996 OK 125, 932 P.2d 1100 n.1.

## ANALYSIS AND REVIEW

■■■ ¶8 Thus Court holds that 10 O.S. 2011, § 7505-7.2 is a statute of repose and not a statute of limitations. This statute "sets an outer boundary in time beyond which no cause of action may arise for conduct that would otherwise have been actionable." *St. Paul Fire & Marine Ins. Co. v. Getty Oil Co.*, 1989 OK 139, ¶17, 782 P.2d 915, 919. "A statute of limitations cuts off a vested substantive right by penalizing a party who rests on its rights." *Jaworsky v. Frolich*, 1992 OK 157, ¶10, 850 P.2d 1052, 1054–55. A statute of repose applies regardless of the time the plaintiff discovers the cause of action. *Jaworsky*, 1992 OK 157, ¶16, 850 P.2d at 1056.

¶9 The distinction and function of statutes of repose and statutes of limitation are set out in *Kirby v. Jean's Plumbing Heat & Air*, 2009 OK 65, ¶¶10–11, 222 P.3d 21, 25–26.

Before allowing Jean to invoke here the provisions of 12 O.S. 2001 §§ 95 and 109, we must first determine how a statute of limitations differs in its impact from one of

---

the child or the termination of parental rights pursuant to this section shall be expedited by the Supreme Court.

L. 1. The preadoption termination of parental rights pursuant to this section terminates the parent-child relationship, including the right of the parent to the custody of the child and the right of the parent to visit the child, the right of the parent to control the training and education of the child, the necessity for the parent to consent to the adoption of the child, the right of the parent to the earnings of the child, and the right of the parent to inherit

from or through the child. Provided, that this subsection shall not in any way affect the right of the child to inherit from the parent.

2. Termination of parental rights shall not terminate the duty of the putative father or parent whose rights have been terminated to support the child unless the court determines the person is not the parent. The duty of a putative father or parent to support the minor child shall not be terminated until such time as a final decree of adoption has been entered.

2. Section 7503-2.7 does not apply.

repose. Early treatise writers and judges considered time bars created by statutes of limitations, escheat and adverse possession as creating periods of repose. As the courts began to modify statutory limitations by superimposing the "discovery rule," legislatures responded by enacting absolute (not tollable) time bars through statutes of repose. Modern statutes of limitations and statutes of repose are somewhat similar because they both provide repose for the defendant. They are nonetheless significantly different since a statute of limitation merely extinguishes the plaintiff's remedy while a statute of repose may defeat the accrual of a cause of action before one ever arises. In practical terms, a statute of repose marks the outer time boundary for judicial enforcement of a substantive right whereas a statute of limitation interposes itself only procedurally to bar solely the remedy after a substantive right has vested and a claim accrued. Moreover, remedial time bars are tollable, whereas substantive-law time limits must be allowed to run and expire uninterrupted by any arrest or suspension.

The time prescribed by a statute of repose runs from a specific act or event regardless of when the harm or damage may occur. A statutory limitation period, on the other hand, runs from the time all the requisite elements of a cause of action occur. It may or may not allow for the plaintiff's discovery of the injurious event to extend the period of limitation. Section 109 stands defined as a statute of repose. As we stated before: "[s]ection 109 is not a statute of limitations; it is a statute of repose. Rather than disturbing a vested substantive right, 'a statute of repose marks [the right's] boundary.' It sets an outer boundary in time beyond which no cause of action may arise for conduct that would have otherwise been actionable" (citations omitted).

¶ 10 Thus, a statute of limitations procedurally bars a remedy after the substantive right has accrued. A statute of repose sets a time limit within which the action may be brought and that time limit begins from a specific act or event. *Consolidated Grain & Barge Co. v. Structural Systems, Inc.*, 2009 OK 14, ¶ 10, 212 P.3d 1168, 1171–72.

A statute of repose operates upon the substantive right to recover damages and will extinguish that right even if the action has not yet accrued. That is, the right to a cause of action to recover damages will expire even though there has not been an injury leading to the discovery of the negligent act that caused the damages.

*Id.* (citation omitted.)

¶ 11 The Oklahoma Court of Civil Appeals applied these rules to the statutory deadline for a father to challenge acknowledgment of paternity and held that 10 O.S. 2011, § 7700–308 is a statute of repose.[3] *Sprowles v. Thompson*, 2010 OK CIV APP 80, 239 P.3d 981. "It operates to cut off the right to challenge an acknowledgement of paternity two (2) years after the acknowledgement was signed, regardless of whether the cause of action has accrued, *i.e.,* whether the individual has discovered the fraud, duress, or misrepresentation." *Sprowles,* 2010 OK CIV APP 80, ¶ 14, 239 P.3d at 984. There is no material legal distinction between the statute here barring a challenge to a final adoption and the statute in *Sprowles*.

¶ 12 Here, the trial court construed 10 O.S.2011, § 7505-7.2 as a statute of limitations and ruled that Gee's action was barred by the statute. The trial court correctly dismissed the action, but the action by the trial court misinterpreted the statute because the statute is a statute of repose not limitation. A correct judgment will not be

---

**3.** The statute provides:
A. After the period for rescission under Section 15 of this act[1] has expired, a signatory of an acknowledgment of paternity or denial of paternity may commence a proceeding to challenge the acknowledgment or denial only:
1. On the basis of fraud, duress, or material mistake of fact; and

2. Within two (2) years after the acknowledgment or denial is executed.
B. A party challenging an acknowledgment of paternity or denial of paternity has the burden of proof, which shall be by clear and convincing evidence.

reversed because the court gave a wrong or insufficient reason for its decision. *Hall v. GEO Group, Inc.*, 2014 OK 22, ¶ 17, 324 P.3d 399, 405–06.

## CONCLUSION

¶ 13 Gee brought his action to decide paternity and other relief, including a challenge to Belairs' adoption of R.B. Gee filed his action more than three months after the Belairs' adoption of R.B. became final. This Court holds that the three month time period to bring an action challenging prescribed in 10 O.S.2011, § 7505-7.2, is a statute of repose. Gee's action is barred. Therefore, the trial court reached a correct judgment and the judgment is affirmed for the reasons stated in this Opinion.

¶ 14 **AFFIRMED.**

FISCHER, P.J., and GOODMAN, J., concur.